■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MANUEL JOVET, Appellant.— Order, Supreme Court, Bronx County, entered April 30, 1972, which, inter alia, vacated a prior order of said court setting aside a judgment of conviction, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and defendant's not guilty plea reinstated. Defendant was indicted for murder, assault and related crimes in connection with the fatal shooting of one person and the wounding of another following

a family quarrel. He was permitted to plead guilty to manslaughter in the first degree and, on May 7, 1971, was sentenced to an indeterminate term of imprisonment not to exceed twelve years. Subsequently, defendant moved, pursuant to CPL 440.10, to vacate said judgment of conviction on the grounds that the indictment was based upon the perjured testimony of two witnesses and that his attorney had withheld certain information from him. The motion was granted, the judgment vacated and defendant granted leave to withdraw his guilty plea. One day after defendant entered a not guilty plea, the People moved for reargument. The sentencing court, though noting the District Attorney's "dereliction" in failing to call to the court's attention certain facts known to it at the time of the prior motion, granted reargument, held its prior order in abeyance and directed a hearing thereon. After conclusion of such hearing, the prior order of said court and the not guilty plea entered pursuant to leave granted thereby were vacated; and defendant was remanded to prison to serve the sentence previously imposed. While there appears to be some authority for holding that a motion for reargument lies in a criminal case despite the absence of any statutory authority therefor (*People ex. rel. Imbruglia v. Jackson,* 8 A D 2d 651), we conclude that it should not have been granted under the circumstances of this case. In our view, once the judgment of conviction was vacated, the guilty plea withdrawn and a not guilty plea entered, the prior plea and the judgment rendered thereon was beyond reinstatement. (Cf. *Matter of Lyons v. Goldstein,* 290 N. Y. 19; *People v. Spitaleri,* 9 N Y 2d 168.) Moreover, and in any event, since it appears that defendant (who claims to have never before been arrested for or convicted of any crime and who has but a meagre command of the English language) denied culpability at the hearing and was not advised of the existence of an exculpatory affidavit by one of the recanting grand jury witnesses at the time of his original plea of guilt, the ends of justice would be better served by permitting him to withdraw the same. Appeal from judgment, Supreme Court, Bronx County, rendered May 7, 1971 unanimously dismissed, as moot, in light of our decision on appeal, decided simultaneously herewith. Concur — Stevens, P. J., McGivern, Markewich, Murphy and Tilzer, JJ.