THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROLAND GILBERT DAVIS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 11, 1972, convicting him of unlawful imprisonment in the first degree, upon a guilty plea, and imposing a reformatory sentence. Judgment reversed, as a matter of discretion in the interest of justice; indictment and charges in the Criminal Court of the City of New York, Queens County, reinstated in full. Defendant was indicted for the crimes of robbery in the third degree, grand larceny in the third degree

and unlawful imprisonment in the first degree. After being permitted to withdraw his plea of "not guilty" to the crimes charged, he was permitted by the court to plead "guilty" to the crime of unlawful imprisonment in the first degree, in full satisfaction of the pending indictment, as well as certain charges pending against him in the Criminal Court of the City of New York for harassment and resisting arrest. The change of plea was effected through appointed counsel associated with the Legal Aid Society. Subsequently, and within two months after this pleading change, defendant's Legal Aid attorney made a motion on defendant's behalf to withdraw the guilty plea, and on Legal Aid's behalf to be relieved of its assignment and for appointment of counsel for defendant under article 18-B of the County Law. The motion to be relieved was granted, counsel was appointed under article 18-B, and the motion to withdraw the guilty plea was set down for a hearing. Afterwards, defendant's article 18-B counsel appeared and moved to relieve defendant of his guilty plea. This time, the motion was granted. However, upon finding out that the article 18-B counsel desired to be relieved of his appointment because he had found out that defendant's family could afford and would provide retained counsel, the court reversed its decision and denied the motion to withdraw the guilty plea pending further proceedings by retained counsel. Finally, with the aid of retained counsel, defendant again moved to be relieved of the guilty plea and, following a hearing, the motion was denied. It is our opinion that once the Criminal Term granted defendant's motion to be relieved of his guilty plea it should not have thereafter reversed itself and denied the motion pending further proceedings by retained counsel. If the Criminal Term believed at that time that there was reason to permit defendant to be relieved of his guilty plea and to be tried as charged, as he desired to be, it should have made no difference whether defendant was at that time represented by article 18-B or retained counsel. At that stage of these proceedings, it was clearly evident that defendant wished to plead "not guilty", to stand trial and to attempt to prove his innocence. This court is unable to find any justification in the record for the Criminal Term's change of decision in this respect. Gulotta, P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.