UNITED STATES of America,
Plaintiff-Appellee,

v.

William J. FARRAH,
Defendant-Appellant.

No. 82–1175.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 3, 1983.

Decided Aug. 26, 1983.

Rehearing and Rehearing En Banc
Denied Nov. 30, 1983.

George N. Bashara (argued), Kathleen M. Lewis, Detroit, Mich., for defendant-appellant.

Leonard R. Gilman, U.S. Atty., John L. Newcomer (argued), Detroit, Mich., for plaintiff-appellee.

Before MARTIN and KRUPANSKY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a judgment of conviction for subscribing to a false and fraudulent tax return, 26 U.S.C. § 7206(1), entered on defendant William Farrah's plea of guilty in the District Court for the Eastern District of Michigan.

A review of the proceedings below reveals that on April 14, 1981, Farrah was indicted by the grand jury for two counts of subscribing to a false income tax return and one count of aiding and assisting in the preparation of a false return. On August 13, 1981, pursuant to a plea agreement, the defendant pled guilty to Count II of the indictment. The plea agreement, which was not reduced to writing, provided that, in exchange for the plea, the Government would move to dismiss the remaining Counts of the indictment. The agreement also provided that if the trial court deemed incarceration appropriate, the maximum duration of incarceration would be one year. Violation of § 7206(1) carries a maximum penalty of $5,000 and 3 years imprisonment. Finally, it was agreed that the sentence would be imposed in accordance with 18 U.S.C. § 4205(f), which provides:

(f) Any prisoner sentenced to imprisonment for a term or terms of not less than six months but not more than one year shall be released at the expiration of such sentence less good time deductions provided by law, unless the court which imposed sentence, shall, at the time of sentencing, provide for the prisoner's release as if on parole after service of one-third of such term or terms notwithstanding the provisions of section 4164. This subsection shall not prevent delivery of any person released on parole to the authorities of any State otherwise entitled to his custody.

On October 6, 1981, the date of sentencing, it became apparent that there had been

a misunderstanding concerning the maximum period of imprisonment. The defense was under the impression that the "one-third" provision of § 4205(f) would apply and therefore the maximum period of incarceration would be four months.

The Government contended that the agreement was framed with the understanding that the trial court *could* sentence the defendant for up to one year of imprisonment but that, *in its discretion,* the court could reduce that time to four months. The trial court, in light of the confusion, permitted the defendant to withdraw his guilty plea.

Following the October 6, 1981 hearing, further negotiations were undertaken between the Government and the defendant in an effort to resolve a plea agreement. Farrah enlisted the aid of an FBI agent with whom Farrah had cooperated in a separate matter.

The FBI agent arranged a meeting on October 19, 1981 which was attended by the agent, Government counsel, the defendant and his attorney. The day following this meeting the parties again appeared before the district court and informed the court that a new plea agreement had been negotiated.

The parties presented a written agreement, signed by the defendant, and it was entered into the record. It provided, in pertinent parts; (A) the maximum term of imprisonment should not exceed one year, (B) the maximum fine imposed should not exceed $5,000 (C) Counts I and III were to be dismissed, and (D) the Government would advise the court of defendant's cooperation with the FBI but "will make no recommendation nor take any position regarding any sentence which the court may impose." The trial court inquired of defendant if any promises not included in the written agreement had been made to induce his plea and defendant responded in the negative.

 Thereafter, the trial court imposed a sentence of one year's incarceration. Immediately after the imposition of this sentence the defendant informed the court that "everybody" had promised him that he would be incarcerated for a period of only four months. Following a colloquy between the court and defendant in which Farrah continuously asserted that he had been misled and that he desired a trial, the obviously and justifiably exasperated trial judge orally granted Farrah's request to withdraw his plea:

THE COURT: All right, Mr. Farrah, your plea is withdrawn.

THE DEFENDANT: Thank you, your Honor.

THE COURT: I will enter an order to that effect and I will set this case down for trial.

THE DEFENDANT: Thank you, your Honor.

THE COURT: All right.

Although the judge did not enter a written order permitting the withdrawal of the plea, an entry was made in the docket indicating that defendant's guilty plea had been withdrawn, his sentence "set aside" and a trial date was to be scheduled.

Approximately two weeks subsequent to the aborted sentencing, the Government filed a motion requesting the district court to reconsider its order permitting the defendant to withdraw his plea of guilty. A hearing on this motion was conducted on January 27, and February 10, 1982.

At the conclusion of the February 10th session, the district court concluded that Farrah had been fully aware prior to entering his October 20th guilty plea that he faced a possible prison term of one year. The district court, thereupon, reversed its earlier ruling and reinstated Farrah's guilty plea. Thereafter, Farrah was sentenced to six months' imprisonment.

Initially, this Court was of the opinion that, in the absence of a Rule of Procedure permitting the lower court to rescind its order withdrawing the guilty plea, it was precluded from doing so. However, after further consideration, the Court now concludes that the position taken by the Third Circuit in *United States v. Jerry,* 487 F.2d 600 (3rd Cir.1973), should be adopted.

In *Jerry,* as in the matter *sub judice,* the lower court entered an order permitting the

defendant to withdraw a guilty plea. Subsequently, on motion of the Government, the district court rescinded its order and, thereafter, refused to permit the defendant to withdraw his plea.

On appeal, the Third Circuit affirmed the conviction and specifically addressed the issue of the lower court's authority to vacate its initial order permitting the defendant to withdraw his plea:

> The Federal Rules of Criminal Procedure, 18 U.S.C., ... make no provision for rehearing and modifying or setting aside an order entered through mistake. Does the absence of this power from the Rules, which "were intended to constitute a comprehensive procedural code for criminal cases in Federal courts," preclude its existence? We think not. F.R.Crim.P. 57(b) provides: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute." Nothing in the Rules limits the power of the court to correct mistakes made in its handling of a case so long as the court's jurisdiction continues, i.e., until the entry of judgment. In short, the power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.

*Id.* at 604 (footnote omitted). *See also, United States v. LoRusso,* 695 F.2d 45 (2nd Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1525, 75 L.Ed.2d 948 (1983) (district court had power to rescind order dismissing one count of indictment); *United States v. Green,* 414 F.2d 1174 (D.C.Cir.1969) (trial judge had authority to withdraw oral ruling granting defense motion to dismiss indictment). As indicated, the Court finds the reasoning espoused in *Jerry* persuasive.

■ Having concluded that the lower court possessed the authority to reconsider its order, the Court has no hesitation in further concluding that the trial court did not abuse its discretion in rescinding its

order and refusing to permit the defendant to withdraw his plea. The record fully supports the trial judge's conclusion that Farrah completely understood the possible length of incarceration in connection with his plea. There is simply no basis for Farrah's post-sentence protestations to the contrary and the trial judge correctly concluded that Farrah's guilty plea should stand.

In accordance with the foregoing, the Court hereby grants the Government's petition for rehearing, vacates its earlier order and affirms the judgment of conviction.