THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO FRANCO, Appellant.

First Department, June 14, 1990

---

**APPEARANCES OF COUNSEL**

*Morrie I. Kleinbart* of counsel *(Alan Gadlin* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

*Robert Koppelman* for appellant.

**OPINION OF THE COURT**

ASCH, J.

In this case involving the sale of over one kilogram of cocaine to an undercover officer, Jose Diaz, 1 of the 3 named defendants, was allowed to enter a negotiated plea of guilty. The prosecutor, however, refused to allow Fabio Franco to plead to a lesser charge unless his brother, defendant Orlando Franco, also pleaded guilty. Defendant's counsel informed him "he had a chance of walking away" and, in the small courtroom, even the Judge heard counsel tell Orlando there was a possibility he would win the case. However, after it was made clear to Orlando that his brother's plea bargain was conditioned on his own guilty plea, Orlando pleaded guilty.

At the sentencing, defendant moved to withdraw his plea, asserting he had been pressured by counsel to plead guilty. While the court indicated on the record that it did not believe counsel had pressured defendant, it nevertheless exercised its discretion pursuant to CPL 220.60 and allowed defendant to withdraw his guilty plea. While the District Attorney's office had made no objection to the court's ruling, the People thereafter moved to reinstate the vacated guilty plea claiming defendant, before another Judge, had stated his first attorney had coerced him. At this hearing, Orlando protested his innocence of the charges and claimed, *inter alia:* "I am pressured * * * My family was crying. They were pressuring me. He will get 25 years. Me my brother asked me because it was my brother, but then I thought it's unfair that I had to do that." Criminal Term reinstated the original guilty plea and sentenced defendant to the original agreed upon term of six years to life.

CPL 220.60 (3) reads in pertinent part: "At any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty to the entire indictment or to part of the indictment * * * to withdraw such plea, and in such event the entire indictment, as it existed at the time of such plea, is restored."

In the absence of fraud, once a court accepts a guilty plea, it has no inherent power to set aside the plea without the defendant's consent *(see, People v Prato,* 89 AD2d 860; *People v Matthews,* 71 AD2d 864; *People v Ford,* 65 AD2d 822; *Matter of Fernandez v Silbowitz,* 59 AD2d 837; *People v Murphy,* 53 AD2d 530).

A court may vacate a plea on application of the prosecutor, where it was obtained by fraud or misrepresentation, provided there is no constitutional impediment *(Matter of Lockett v Juviler,* 65 NY2d 182). However, in that case, the Court of Appeals also dealt with a special plea of "not responsible by reason of mental disease or defect", analogous to a guilty plea. The instant case, however, deals not with a vacatur of a guilty plea but with a purported vacatur of a "not guilty" plea.

The Court of Appeals has noted as to the grant of a motion to withdraw a guilty plea that: "We should say flatly and finally that a plea so allowed to be withdrawn is out of the case forever and for all purposes" *(People v Spitaleri,* 9 NY2d 168, 173).

This court has previously reversed the order of Criminal Term which vacated a prior order of the court setting aside a judgment of conviction entered on a plea of guilty. There, Criminal Term granted the motion by the People for reargument and, after a hearing, vacated its prior order and the not guilty plea and remanded the defendant to prison to serve the sentence originally imposed. We held that "once the judgment of conviction was vacated, the guilty plea withdrawn and a not guilty plea entered, the prior plea and the judgment rendered thereon was beyond reinstatement. (Cf. *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *People* v. *Spitaleri,* 9 N Y 2d 168.)" *(People v Jovet,* 41 AD2d 608, 609.)

Moreover, even assuming Criminal Term had the authority to reinstate the guilty plea, under the circumstances present herein, it was an abuse of discretion to do so. The facts presented did not establish fraud or misrepresentation warranting a vacatur of the "not guilty" plea.

The People contend that defendant was granted a withdrawal of his plea when he alleged that his present attorney had coerced him into pleading guilty. Subsequently, while before another Judge, he asserted it was not his present attorney, but an earlier one, who had put pressure on him. The People contended, and obviously Criminal Term concurred, that this change in position as to which attorney defendant referred to constitute a misrepresentation and fraud upon the court justifying the "vacatur of the vacatur" of the guilty plea (or more tersely—the vacatur of the not guilty plea).

In *People v Davis* (43 AD2d 866), a motion to relieve defendant of a guilty plea was granted when defendant was

represented by 18-B counsel. Upon discovering that 18-B counsel wished to be relieved because defendant's family could afford and would provide retained counsel, the court reversed itself and denied the motion pending further proceedings by the retained counsel. Follow a hearing with the aid of retained counsel, the motion to vacate the guilty plea was denied. The Second Department held: "[O]nce the Criminal Term granted defendant's motion to be relieved of his guilty plea it should not have thereafter reversed itself and denied the motion pending further proceedings by retained counsel. If the Criminal Term believed at that time that there was reason to permit defendant to be relieved of his guilty plea and to be tried as charged, as he desired to be, it should have made no difference whether defendant was at that time represented by article 18-B or retained counsel. At that stage of these proceedings, it was clearly evident that defendant wished to plead 'not guilty', to stand trial and to attempt to prove his innocence." *(People v Davis, supra,* at 867.)

Likewise, in this case, Criminal Term's reliance on whether defendant incorrectly alleged his present attorney had coerced the plea, rather than his former attorney, was misplaced when "[a]t that stage of these proceedings, it was clearly evident that defendant wished to plead 'not guilty', to stand trial and to attempt to prove his innocence" *(supra,* at 867). Defendant at this last hearing protested his innocence of the charges and related, at length, the tremendous pressures brought upon him by his family to plead guilty so that his brother, Fabio, could have the advantage of a plea bargain. Under these circumstances, there was no fraud or misrepresentation by defendant as to the fact of coercion, and it was an abuse of discretion for Criminal Term to grant reargument and reinstate the vacated guilty plea.

Accordingly, the judgment of the Supreme Court, New York County (Edward McLaughlin, J.), rendered April 27, 1988, convicting defendant Orlando Franco, upon his plea of guilty, of one count of criminal sale of a controlled substance in the second degree, after the same court vacated a prior order of said court setting aside a judgment of conviction, and sentencing him to a term of from six years to life, should be reversed, on the law and the facts, and in the exercise of discretion, the defendant's not guilty plea reinstated, and the matter remitted for further proceedings.

Murphy, P. J., Carro, Milonas and Kassal, JJ., concur.

Judgment, Supreme Court, New York County, entered on April 27, 1988, unanimously reversed, on the law, the facts, and in the exercise of discretion, the defendant's not guilty plea reinstated, and the matter remanded for further proceedings.