(934 P.2d 151)

No. 73,982

STATE OF KANSAS, *Appellee,* v. LARRY EUGENE BEECHUM, *Appellant.*

—

Opinion filed February 21, 1997.

*Michael C. Robinson,* of Reynolds, Forker, Berkley, Suter, Rose & Dower, of Hutchinson, for appellant.

*Alan Hughes,* assistant county attorney, *Mary Ann Shirley,* administrative attorney, of Hutchinson Correctional Facility, and *Carla J. Stovall,* attorney general, for the appellee.

Before ROYSE, P.J., ROGG, S.J., and EDWARD E. BOUKER, District Judge, assigned.

BOUKER, J.: Larry Eugene Beechum pled no contest to robbery and, on May 20, 1994, was sentenced to 57 months' imprisonment. Beechum later requested to withdraw his plea. At the first hearing Beechum called two witnesses who had information tending to exonerate him. Beechum testified that he pled no contest even though he was innocent because his attorney advised him to do so and told him he would probably get probation. The court took the motion under advisement, and, before it ruled, Beechum asked to present the testimony of Kelly Glover. Glover testified that she was present when the victim was robbed, but that Beechum was not present.

On August 10, 1994, the district court granted Beechum's motion, setting aside his conviction and sentence. The court focused on Glover's testimony and the State's failure to impeach or rebut that testimony. The court also found that Beechum had always professed his innocence and had pled no contest under the assumption that he would receive probation rather than a prison sentence. The court found that in order to prevent manifest injus-

tice, Beechum should be allowed to withdraw his plea and have a jury trial.

The same day, the State filed a motion to reconsider, alleging that Glover had told police that Beechum was one of the people who robbed the victim. The court held yet another hearing at which Officer James Rayburn testified that Glover had previously told him Beechum was involved in the robbery.

On September 6, 1994, the district court granted the State's motion to reconsider, noting that when Glover first testified the court was unaware she had previously given a different statement to Officer Rayburn implicating Beechum. The court reinstated Beechum's conviction and sentence for robbery. Beechum timely appeals.

While the State does not contest this court's jurisdiction to hear Beechum's appeal, the first portion of Beechum's brief addresses that issue. First, Beechum cites K.S.A. 22-3210(d), which provides in part: "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

The Supreme Court has held that a defendant has the right to a direct appeal from the trial court's denial of a motion to withdraw a plea pursuant to 22-3210(d). *State v. McDaniel*, 255 Kan. 756, 760, 877 P.2d 961 (1994). In the instant case, the trial court granted Beechum's motion to withdraw his plea, but subsequently reconsidered that decision and reinstated his conviction and sentence. For jurisdictional purposes, the court's ruling is the equivalent of a denial of a motion to withdraw a plea; therefore, this court has jurisdiction to hear Beechum's appeal.

Next, Beechum argues that the trial court abused its discretion in granting the State's motion to reconsider and in reinstating his conviction and sentence. He contends that once the trial court vacated his conviction it could not reinstate his conviction and sentence without accepting another plea or obtaining a conviction by jury trial.

The State argues that the trial court has the authority to rescind a previous order allowing the withdrawal of a guilty plea. Rather than citing any direct authority for this argument, the State cites

various statutes which allow a trial court to modify or rescind a previous order in other situations: K.S.A. 22-3501 grants authority to order a new trial; K.S.A. 22-3210 grants authority to set aside a conviction and permit withdrawal of a plea; and K.S.A. 22-3504(1) grants authority to correct an illegal sentence. The State argues that these statutes show that trial courts have discretion to modify or vacate prior orders and judgments.

The statutes cited by the State only show that a trial court has authority to modify or vacate prior orders and judgments in certain situations. It does not necessarily follow, however, that a trial court has authority to reconsider a prior order allowing a guilty plea to be withdrawn and to reinstate a previously vacated conviction and sentence.

This issue appears to be one of first impression in Kansas. The courts of other jurisdictions have resolved the issue in different ways. At least two courts have held that a trial court may reconsider its order permitting withdrawal of a guilty plea and reinstate that plea. *United States v. Farrah,* 715 F.2d 1097 (6th Cir. 1983), *cert. denied* 466 U.S. 971; *People v. Wilkens,* 139 Mich. App. 778, 362 N.W.2d 862 (1984).

In *Farrah,* after defendant was sentenced to 1 year's incarceration, he asked to withdraw his plea on the ground that "everybody" told him he would receive only a 4-month sentence. The trial court initially granted defendant's request to withdraw his plea and set aside his sentence. 715 F.2d at 1098. The prosecution later filed a motion to reconsider, which the trial court granted. After a hearing, the trial court concluded that defendant had been fully aware of the possible 1-year prison term. The court then reversed its earlier ruling and reinstated defendant's plea. The court later resentenced defendant. 715 F.2d at 1098.

The Sixth Circuit Court of Appeals initially vacated defendant's conviction and remanded, but upon petition for rehearing, it affirmed defendant's conviction. The *Farrah* court followed the reasoning of the Third Circuit Court of Appeals in *United States v. Jerry,* 487 F.2d 600 (3d Cir. 1973). In addressing the same issue, the *Jerry* court held that although the Federal Rules of Criminal Procedure contained no specific provision allowing a court to re-

consider or modify a prior order entered through mistake, courts had always had the power to grant relief from erroneous orders. The court relied, at least in part, on Fed. R. Crim. Proc. 57(b), which then provided: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute." 715 F.2d at 1099 (citing 487 F.2d at 604).

The Michigan Court of Appeals reached a similar conclusion in *Wilkens.* In that case, the trial court granted defendant permission to withdraw his pleas before sentencing based upon the mistaken belief that a recent Michigan Supreme Court decision required it to do so. 139 Mich. App. at 785. Upon discovering the error, the prosecution filed a motion to reinstate defendant's pleas, which the court granted. 139 Mich. App. at 783-84.

The *Wilkens* court affirmed, relying in part upon a Michigan court rule which allowed a trial court to relieve a party from a final judgment or order under certain circumstances. The court also cited the reasoning of *Farrah* and *Jerry* in reaching its decision.

The California Court of Appeals reached the opposite conclusion in *People v. McGee,* 232 Cal. App. 3d 620, 283 Cal. Rptr. 528 (1991), holding that there was nothing in the California statute authorizing guilty pleas which gave the trial court the authority to reconsider its original ruling allowing defendant to withdraw his plea. The court further emphasized that, under the California statute, the defendant, and only the defendant, could enter a plea of guilty and that the statutory language permits no interpretation which would allow the prosecution to move for, or the trial court to grant, reinstatement of the guilty plea. 232 Cal. App. 3d at 623.

We do not find either *Farrah* or *Wilkens* persuasive. The Kansas statute applicable to entry of pleas is, for the purpose of this analysis, similar in nature to the California statute discussed in *McGee.* K.S.A. 22-3210 provides in pertinent part:

"(a) Before or during trial a plea of guilty or *nolo contendere* may be accepted when:

(1) The defendant or counsel for the defendant enters such plea in open court; and

(2) in felony cases the court has informed the defendant of the consequences of the plea, including the specific sentencing guidelines level of any crime committed on or after July 1, 1993, and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

(4) the court is satisfied that there is a factual basis for the plea.

"(b) In felony cases the defendant must appear and plead personally and a verbatim record of all proceedings at the plea and entry of judgment thereon shall be made."

It is clear that the Kansas statutes permit only the defendant or defendant's counsel to enter a plea of guilty or nolo contendere. It is also clear that, in a felony case, the plea must be made in open court and that the defendant must be addressed personally by the court to determine whether the plea is entered voluntarily and with understanding of the nature of the charge and the consequences of the plea.

In this case, the trial court set aside Beechum's earlier plea of nolo contendere. Beechum was, thereafter, in the same circumstance and had the same rights and protections as a defendant who had never entered a plea of guilty or nolo contendere. From that point forward only Beechum or his attorney could enter such a plea. There is no provision in our law which allows the prosecution to move for reconsideration of an order allowing defendant to withdraw a guilty or nolo contendere plea. Likewise, there is no authority allowing a trial court to reverse an earlier ruling setting aside a plea of nolo contendere. In reinstating Beechum's nolo contendere plea, the trial court violated the clear provisions of 22-3210.

The presumption of innocence is fundamental to our system of justice and should not be abrogated absent clear and compelling authority. Here, that authority is absent. We find that the trial court exceeded its authority and improperly reinstated the nolo contendere plea over Beechum's objection. We, therefore, reverse and remand for further proceedings.

Reversed and remanded.