Joe Thomas TURNER, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 1997–CA–003213–MR.

Court of Appeals of Kentucky.

June 25, 1999.

Discretionary Review Denied by
Supreme Court Feb. 16, 2000.

Bruce P. Hackett, Daniel T. Goyette, Louisville, for Appellant.

A.B. Chandler, III, Attorney General, Amy F. Howard, Assistant Attorney General, Anitria Franklin, Assistant Attorney General, Frankfort, for Appellee.

Before: HUDDLESTON, JOHNSON and KNOPF, Judges.

*OPINION*

JOHNSON, Judge:

Joe Thomas Turner (Turner) appeals from the judgment of the Jefferson Circuit Court entered on December 4, 1997, pursuant to a plea of guilty. Turner was convicted of rape in the first degree (Kentucky Revised Statutes (KRS) 510.040), assault in the second degree (KRS 508.020), burglary in the first degree (KRS 511.020), unlawful imprisonment in the second degree (KRS 509.030), escape in the second degree (KRS 520.030), and theft by unlawful taking over $300 (KRS 514.030). Turner claims the trial court erred in reinstating his guilty plea after having allowed him to withdraw it. We reverse and remand.

Turner was alleged to have committed the offenses of rape, assault, burglary, and unlawful imprisonment on March 9, 1996, against C.R., with whom Turner had had a sexual relationship for a period of years. Turner had apparently found C.R. actively engaged in a sex act with Carl Payne (Payne) before committing these offenses against C.R. Turner was indicted for these offenses and for the additional offenses of escape and theft that were alleged to have occurred on January 14, 1996.[1]

At a pretrial hearing, the trial court ruled that evidence of Turner's prior bad acts against C.R. would be admissible at trial. These prior bad acts included two prior convictions for assault in the fourth degree and two other alleged assaults in January and February 1996. Subsequent to this ruling, on August 26, 1996, Turner accepted the Commonwealth's offer on a plea of guilty, but, pursuant to Kentucky Rules of Criminal Procedure (RCr) 8.09, reserved his right to appeal from this evidentiary ruling. Turner also continued to maintain his innocence by entering his guilty plea pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

On August 29, 1997, Turner filed a complaint with the Kentucky Bar Association (KBA) claiming that his attorney (1) had not "come to see" him in seventeen months; (2) had failed to attempt to get a charge amended in light of the fact that he had already served time; and (3) had told him at one time that she could win his case only later to recommend he accept the plea offer because she did not think she could win. On September 29, 1997, Turner filed in the trial court a *pro se* motion to withdraw his guilty plea. And, on October 9, 1997, Turner, through counsel, filed an additional motion pursuant to RCr 8.10 to withdraw his guilty plea. Both of these motions relied upon grounds similar to the KBA complaint Turner had filed.

On November 4, 1997, the trial court entered an order that allowed the guilty plea to be withdrawn and a plea of not guilty substituted therefor. On November 14, 1997, the Commonwealth filed a motion for the trial court to reconsider its order that had permitted Turner to withdraw his guilty plea. The Commonwealth claimed that it would be prejudiced by the withdrawal of the guilty plea because of the difficulties it would encounter in securing the attendance of its witnesses for trial. In particular, the Commonwealth noted that it had learned that one of its witnesses, Avery Bartee (Bartee), had died. It is not clear from the record when Bartee died, but the Commonwealth has not alleged that Turner had knowledge of her

---

1. It was alleged that Turner escaped from home detention and took property belonging to the home detention program. Before trial, the escape and theft charges were severed from the original charges.

death when he moved to withdraw his guilty plea. The Commonwealth claimed that while Bartee was not an eyewitness, she was a material witness in that her testimony would have corroborated the testimony of both Payne and C.R. Payne is deaf, does not work and does not have a permanent address. The Commonwealth argued that Payne was an eyewitness to a portion of the events surrounding the charges, and that Bartee was also needed to locate Payne. The Commonwealth claimed that Payne does not understand sign language and can barely lip read and that in the past Bartee had been able to help Payne communicate and therefore her death would hinder Payne's ability to testify. The Commonwealth claimed that Bartee's death would place it in the position of attempting to prove its case without essential witnesses that had previously been available to testify on the August 26 trial date. On December 1, 1997, the trial court vacated its order of November 4, 1997, that had permitted Turner to withdraw his guilty plea, and reinstated his plea of guilty. Turner was sentenced to a total of fifteen years in prison. This appeal followed.

The issue before this Court is whether the trial court had the authority to reconsider its order that allowed Turner to withdraw his guilty plea. This is an issue of first impression in Kentucky. We begin by noting that the parties agree that pursuant to RCr 8.10 the trial court was within its discretion to allow Turner to withdraw his guilty plea. RCr 8.10 states as follows:

> At any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted.

> If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the op-

portunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

> The court can defer accepting or rejecting the plea agreement until there has been an opportunity to consider the presentence report.

■  Turner relies on *Haight v. Commonwealth*, Ky., 938 S.W.2d 243 (1996), and *Haight v. Williamson*, Ky., 833 S.W.2d 821 (1992), for the proposition that once the trial court entered the order permitting him to withdraw his guilty plea, the status quo was restored and the Commonwealth and he were both entitled to proceed to trial. While *Haight v. Commonwealth* and *Haight v. Williamson* do not specifically address the issue in the case *sub judice*, i.e., whether the trial court erred in reconsidering its ruling after having allowed Turner to withdraw his guilty plea, the Supreme Court in *Haight v. Williamson, supra*, at 824, did state that its previous opinion ordering the withdrawal of the guilty plea "returned [Haight] to the place he was in before the plea agreement was entered." We find this language to be persuasive in holding that Turner was restored all his constitutional rights as a defendant who had pleaded not guilty.

■  The Commonwealth also argues that the trial court's reconsideration of the withdrawal of the guilty plea was merely an action taken by the trial court to correct a previous error. The Commonwealth cites *Potter v. Eli Lilly and Company*, Ky., 926 S.W.2d 449 (1996), for the principle that the court had the inherent power to correct this error. The Supreme Court in *Potter* stated:

> We are persuaded that there are certain implied powers which are inherent in any Court of Justice in this state which arise from the very nature of their institution. Such authority is required

because they are necessary to proper exercise of all other judicial authority. As such, these powers are governed not by statute or rule, but by the control vested in the court to manage its own affairs so as to achieve the orderly and expeditious, accurate and truthful disposition of causes and cases. . . . In Kentucky, such authority is vested in the sound discretion of the court in question subject to appropriate appellate review. All such authority must be exercised with great caution even though it is necessarily incidental to the function of all courts. *Cf. Ex parte Burr*, 22 U.S. 529, 9 Wheat. 529, 6 L.Ed. 152 (1824).

It is obvious that along with the inherent power to set aside or correct the judgment after the time permitted by rule has expired, is the inherent power to conduct an independent investigation when there is a reasonable basis to believe that there is a possible lack of accuracy or truth in the original judgment. The Federal courts have also recognized this right of investigation so as to determine whether a judgment was obtained by fraud. *Universal Oil Co. v. Root Refining Co.*, 328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946).

. . . .

The inherent authority of the court goes beyond actual fraud. It encompasses bad faith conduct, abuse of judicial process, any deception of the court and lack of candor to the court.

*Id.* at 453–454.

*Potter* recognizes that a trial judge can set aside or correct a judgment when there is a "lack of accuracy or truth in the original judgment", "actual fraud", "bad faith conduct", "abuse of judicial process", or any "deception" or "lack of candor" with the trial court. The Commonwealth argues that there was a "lack of accuracy or truth" in the original order allowing withdrawal of the guilty plea, because the trial judge was unaware of Bartee's death at the time he made the ruling. However, the Commonwealth does not contend that

Turner had knowledge of Bartee's death at the time he filed his motion to withdraw his guilty plea. Thus, we do not believe that this circumstance constituted a "lack of accuracy or truth" as contemplated in *Potter*.

In deciding the issue of the trial court's authority to reconsider its ruling allowing the withdrawal of a guilty plea, we find guidance from other jurisdictions in the cases of *State v. Beechum*, 23 Kan.App.2d, 519, 934 P.2d 151 (1997), *People v. McGee*, 232 Cal.App.3d 620, 283 Cal.Rptr. 528 (1991), and *People v. Franco*, 557 N.Y.S.2d 7, 158 A.D.2d 33 (1990).

In *McGee, supra*, the Court held that the trial court could not reinstate a guilty plea without the defendant's acquiescence. After the trial court properly allowed the defendant to withdraw his guilty plea based on the trial judge's finding that it had not been voluntarily entered, the People moved the trial court to reconsider that ruling. The People claimed that the delay caused by waiting for a trial would severely prejudice it because of the nine-year-old victim's inability to recall the details of the offense and because the defendant had failed to demonstrate good cause for the withdrawal as required by a state statute regarding withdrawal of pleas. The trial court concluded that its decision allowing the defendant to withdraw his guilty plea was not supported by substantial evidence and reinstated the guilty plea. The trial court did so based on California Code of Civil Procedure section 657, subdivision (6) which provided for a new trial upon a finding that there was insufficient evidence to support the verdict.

The Court in *McGee* held that there was nothing in the California statute authorizing guilty pleas that permitted the trial court, upon application by the prosecution, to reconsider its original order to allow the withdrawal of the guilty plea. Similarly, in the case *sub judice*, the Commonwealth claimed that it would be prejudiced by a withdrawal of the guilty plea

and that it would have difficulty securing its witnesses after the passage of time. However, our rules of criminal procedure that authorize a guilty plea and its withdrawal do not contain language that permits the trial court to reconsider its original order allowing withdrawal of a guilty plea. *See* RCr 8.08, 8.09, and 8.10; *cf. Mingey v. Cline Leasing Service, Inc.*, Ky. App., 707 S.W.2d 794, 796 (1986); and *Cloverleaf Dairy v. Michels*, Ky.App., 636 S.W.2d 894, 896 (1982) (no authority in rules to ask for reconsideration of order which rules on motion to reconsider judgment). Also, like the California statute, RCr 8.08 and 8.09 permit only the defendant to enter a guilty plea, and do not allow the Commonwealth to move the trial court to reinstate a guilty plea after it is withdrawn, or the trial court to do so on its own motion. As in the case *sub judice*, the prosecution in *McGee* argued that the trial court had the inherent power to reconsider and correct its judgment, but the Court rejected this argument stating as follows:

> "It is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts.... The power exists independently of statute and may be exercised in criminal as well as in civil cases.... The court may correct such errors on its own motion or upon the application of the parties." ... Clerical error must be distinguished from judicial error, which cannot be corrected once final.... "Generally, a clerical error is one inadvertently made, while a judicial error is one made advertently in the exercise of judgment or discretion." ... The asserted error

here—the court's determination that defendant showed good cause to withdraw his guilty plea—is a judicial error and the trial court did not have the inherent power to reexamine its original ruling. This is especially so absent the presentation of new evidence.

*McGee* at 232 Cal.App.3d at 626, 283 Cal. Rptr. at 530–531 (citations omitted).

In the case *sub judice*, we believe the trial judge's determination that Turner could withdraw his plea, if it could be called an error at all, was a judicial error because it was made within the trial court's discretion in light of the facts presented at that time. *See* RCr 8.10, and *Anderson v. Commonwealth*, Ky., 507 S.W.2d 187, 188 (1974).

In *State v. Beechum, supra*, the Court held that the trial court did not have the authority to reconsider an earlier ruling that had allowed withdrawal of a guilty plea. In that case, the trial judge, in his discretion, had allowed the defendant to withdraw his guilty plea after which the State moved the trial court to reconsider its ruling. On appeal, the State argued that the trial court had the authority to rescind a previous order allowing the withdrawal of a guilty plea. The State cited no direct authority for its argument, but, relied on various statutes which would permit the trial court to modify or vacate a prior order in other situations.

■ Likewise, in the case *sub judice*, the Commonwealth argues on appeal, but not at the trial level, that, pursuant to CR 59.05 [2] and CR 60.02 [3], the trial court had

---

**2.** CR 59.05 states as follows: "A motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment."

**3.** CR 60.02 states as follows:

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any

the authority to reconsider its order allowing the withdrawal of the guilty plea. We fail to see how either CR 59.05 or CR 60.02 gives the trial court any authority to reconsider a prior order allowing a guilty plea to be withdrawn and to reinstate the previously vacated order accepting the guilty plea.

We are also persuaded by the case of *People v. Franco, supra,* where the trial court allowed a guilty plea to be withdrawn pursuant to N.Y.Crim.Pro. § 220.60(3)(McKinney 1993), which is similar to our own RCr 8.10, and then reinstated the guilty plea upon a motion to reconsider by the prosecution. The Court stated:

> In the absence of fraud, once a court accepts a guilty plea, it has no inherent power to set aside the plea without the defendant's consent....

> A court may vacate a plea on application of the prosecutor, where it was obtained by fraud or misrepresentation, provided there is no constitutional impediment. (*Matter of Lockett v. Juviler,* 65 N.Y.2d 182, 490 N.Y.S.2d 764, 480 N.E.2d 378)....

> The Court of Appeals has noted as to the grant of a motion to withdraw a guilty plea that: "We should say flatly and finally that a plea so allowed to be withdrawn is out of the case forever and for all purposes"....

*Id.,* 557 N.Y.S.2d at 8.

The Commonwealth argues also that the case *sub judice* is similar to *People v. Wilkens,* 139 Mich.App. 778, 362 N.W.2d 862 (1984), where that Court reinstated a previously withdrawn guilty plea. However, unlike the case *sub judice,* in *Wilkens* the trial court's decision to allow withdrawal of the guilty plea was based on the trial court's "mistaken" belief that state legal precedent required the trial court to allow the withdrawal of the guilty plea. *Id.,* 139 Mich.App. at 785, 362 N.W.2d at 866. This type of "mistake" did not occur in the case *sub judice,* and therefore, *Wilkens* is not applicable.

 "The presumption of innocence is fundamental to our system of justice and should not be abrogated absent clear and compelling authority. Here, that authority is absent." *Beechum, supra,* 934 P.2d at 153. The trial court's granting of Turner's motion to withdraw his guilty plea "was an act of judicial discretion, and any change in the court's earlier ruling distinctly prejudiced the defendant by denying him a full trial." *McGee, supra,* 283 Cal.Rptr. at 531.

Thus, we hold that the trial court erred in reconsidering the withdrawal of the guilty plea and in reinstating the guilty plea. Accordingly, we reverse the judgment of the Jefferson Circuit Court and remand this matter for a trial. Due to our decision reversing and remanding, the issue raised by Turner concerning the trial court's *in limine* ruling that allowed the admissibility of testimony regarding certain prior bad acts is not ripe for our review.

ALL CONCUR.

---

other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.