# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42688

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2016 Opinion No. 45 |
| | ) | |
| **Plaintiff-Respondent,** | ) | Filed: June 30, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **JOSHUA A. RIGGINS,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Order granting motion for reconsideration, <u>affirmed</u>; judgment of conviction and sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Joshua A. Riggins appeals from the district court's order granting the State's motion for reconsideration of its prior order granting Riggins' motion to withdraw his guilty plea. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

During a traffic stop, officers found marijuana and paraphernalia in Riggins' car and methamphetamine in his pocket. Riggins was charged with felony possession of methamphetamine, misdemeanor possession of marijuana, and misdemeanor possession of paraphernalia. Pursuant to a plea agreement, Riggins pled guilty to possession of methamphetamine, a felony in violation of Idaho Code § 37-2732(c)(1), and the State dismissed the misdemeanor charges. During the sentencing hearing, Riggins informed the court that he

1

was not taking his prescribed antidepressants when he pled guilty and requested a continuance to withdraw his guilty plea. The court granted the continuance. Riggins moved to withdraw his guilty plea and asserted his innocence. The State opposed the motion, arguing that the plea contained no constitutional defect because it was knowingly, intelligently, and voluntarily made. The State also argued that it would be prejudiced by the withdrawal of the guilty plea because the delay would adversely impact its witnesses' memories and it had already dismissed the two misdemeanor counts with prejudice. In addition, the State highlighted that Riggins had already seen his presentencing investigation report (PSI) before his request to withdraw his guilty plea. The district court acknowledged the prejudice to the State, but nonetheless allowed Riggins to withdraw his guilty plea because he maintained his innocence and there was concern about his psychiatric condition when he pled guilty.

Two months later, and a little less than three weeks before trial was set to begin, the State filed a motion to reconsider the order granting Riggins' motion to withdraw his plea. In addition to its original arguments opposing the guilty plea withdrawal, the State informed the court that the arresting officer was unavailable because he had taken a job as an undercover agent and, as such, could not testify. The district court granted the State's motion and reinstated Riggins' guilty plea, explaining that "there is no meaningful indication in the record that Riggins' depression rose to a level that rendered his guilty plea constitutionally involuntary," and noting that the State had proven sufficient prejudice in the form of the two dismissed charges and the unavailable primary witness. The court reinstated Riggins' guilty plea and sentenced him to three years, with one year determinate, suspended the sentence, and placed him on probation. Riggins timely appealed.

## II.

## ANALYSIS

The issue before this Court is whether a trial court's reconsideration and reversal of an order granting a motion to withdraw a guilty plea violates the defendant's constitutional rights. This is an issue of first impression in Idaho. Riggins objected to the motion to reconsider, but not on the grounds advanced on appeal. Riggins, therefore, acknowledges that he must demonstrate that the district court's reconsideration and reversal of its order granting withdrawal of his guilty plea was fundamental error. In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what

2

may constitute fundamental error.  The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the Court that the alleged error:  (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings.  *Id.* at 226, 245 P.3d at 978.

While the parties couch the argument as whether the district court had authority to grant the motion to reconsider, under the first prong of *Perry*, reconsideration and reversal of the order granting withdrawal of the guilty plea must be shown to have violated one or more of Riggins' unwaived constitutional rights.  This is a particularly important consideration in this case because, as will be seen below, most of the cases in which reconsideration of an order granting withdrawal of a guilty plea is challenged address the trial court's "authority" to reconsider under applicable rules, statutes, or the inherent power of the court, as well as policy considerations, not whether it is simply constitutionally impermissible to do so.

Riggins contends that he had the right to a trial by jury, to remain silent, and to confront the witnesses against him as afforded by the United States Constitution and the Idaho Constitution.  U.S. CONST. amend. VI; IDAHO CONST. art. 1 § 7.  He acknowledges that when a defendant pleads guilty, he waives those fundamental rights, *Parke v. Raley*, 506 U.S. 20, 29 (1992), but asserts that once a guilty plea is withdrawn, automatically the defendant is returned to the status quo ante and regains his right to a trial by jury, to remain silent, to confront witnesses against him, as well as his innocence, as if the plea never existed.  Consequently, he claims that a court may not constitutionally reconsider an order granting withdrawal of a guilty plea because, in doing so, the restored rights are taken away, guilt declared and, in turn, due process denied.

Riggins relies on a series of Florida appellate court cases.  In *Williams v. State*, 762 So. 2d 990, 991 (Fla. Dist. Ct. App. 2000), the court held that "the trial court was without authority to reconsider the motion to withdraw appellant's plea.  When a plea of guilty or nolo contendere is withdrawn and accepted by the court, it is as if the plea had never been entered ab initio." *See also Miles v. State*, 620 So. 2d 1075, 1076 (Fla. Dist. Ct. App. 1993) (same); *State v. McClain*, 509 So. 2d 1360, 1361 (Fla. Dist. Ct. App.  1987) (same).  The basis for the holdings in these cases is *Bell v. Florida*, 262 So. 2d 244, 245 (Fla. Dist. Ct. App. 1972).  The *Bell* holding on the issue is as follows:

3

When the appellant withdrew his plea of guilty and it was accepted by the court, it was as if a plea had never been entered ab initio. To hold otherwise would cause the trial courts to be apprehensive of accepting or allowing the withdrawal of a plea because such discretionary action might prevent justice from being carried out.

*Id.* *Bell* cited no precedential authority for its holding[1] and is apparently based upon the policy consideration stated in the second sentence of the holding. None of the Florida cases base the repeated holding on applicable rules or statutes or constitutional considerations.

We are aware of other cases from jurisdictions outside Idaho that have refused to allow the trial court to reconsider the grant of a motion to withdraw a guilty plea. In *People v. McGee*, 283 Cal. Rptr. 528 (Cal. Ct. App. 1991), the court analyzed the authority of the court by looking to a statute, rules of civil procedure, and the inherent power of the court. The court concluded that authority for the specific motion could not be found in the terms of the statute and rules and that the inherent power to reconsider was limited to "procedural" rulings. *Id*. at 530-31. In *People v. Franco*, 557 N.Y.S.2d 7 (N.Y. App. Div. 1990), the court, similar to the Florida cases, relied on previous cases holding that once a judgment of conviction is vacated, the prior plea and judgment are "beyond reinstatement." *Id*. at 8. In *State v. Beechum*, 934 P.2d 151 (Kan. Ct. App. 1997), the State cited "various statutes" which it contended allowed reconsideration. *Id*. at 152. The court concluded that the applicable Kansas statute was similar to the statute in *McGee* which the *McGee* court determined provided no authority. *Id*. at 153. In *Turner v. Com.*, 10 S.W.3d 136 (Ky. Ct. App. 1999), the court first looked to language in another case that noted the withdrawal of a guilty plea returns the defendant to the place he was in before the plea. The court found that "language to be persuasive in holding that Turner was restored all his constitutional rights as a defendant who had pleaded not guilty." *Id*. "In deciding the issue of the trial court's authority to reconsider its ruling allowing the withdrawal of a guilty plea," the court looked to *Beechum*, *McGee*, and *Franco*, and found no inherent or statutory authority. *Id*. [2]

---

[1]    Although the *Bell* court included a quote regarding fairness from Chief Justice Cardozo.

[2]    None of these courts expressly holds that reconsideration of an order granting withdrawal of a guilty plea violates the defendant's constitutional rights. *Turner* comes the closest to Riggins' argument by holding that the defendant is returned to the place prior to the plea and adding that his constitutional rights are restored. *Turner* concluded with:

"The presumption of innocence is fundamental to our system of justice and should not be abrogated absent clear and compelling authority. Here, that authority is absent." *Beechum*, *supra*, 934 P.2d at 153. The trial court's granting

To the contrary, the State argues that the district court had every right to reinstate Riggins' guilty plea because the guilty plea was constitutionally proper. *State v. Hanslovan*, 147 Idaho 530, 536, 211 P.3d 775, 781 (Ct. App. 2008) (a guilty plea without constitutional defect is made knowingly, voluntarily, and intelligently). Further, the State claims that the district court erred when it allowed Riggins to withdraw his guilty plea because "a mere assertion of innocence, by itself, is not grounds to withdraw a guilty plea." *Id*. at 537, 211 P.3d at 782. The State contends that the order granting the withdrawal of the guilty plea is, like any other interlocutory order, subject to reconsideration. In that regard, the State argues that there is nothing that constitutionally compels the notion that the defendant's rights automatically re-attach. Thus, the State asserts that there is no constitutional prohibition on a court's reconsideration of an order granting withdrawal of a guilty plea. The State relies on authority from other jurisdictions holding that a trial court may reinstate a withdrawn guilty plea because of the interlocutory nature of the order granting withdrawal of the plea.

In *United States v. Jerry*, 487 F.2d 600 (3rd Cir. 1973), the Court first addressed the authority of the trial court to reconsider the order allowing withdrawal of the guilty plea. The Court noted that under common law, in criminal and civil cases, the court's interlocutory orders were within its control and could be modified, vacated, or set aside by that court.[3] *Id*. at 604. The Court acknowledged that no federal statute or criminal rule expressly provided for reconsideration; however, the Court pointed out that Federal Rule of Criminal Procedure 57(b) allowed a court to proceed in a lawful manner if no procedure was provided. The Court held that "so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *Jerry*, 487 F.2d at 605. Next, the Court took up the "constitutional limitations on the power to reimpose the plea of guilty." The *Jerry* Court noted that the constitutional rights of trial by jury, confrontation, and the privilege against compulsory self-incrimination are waived by a guilty plea. Thereafter, the Court posed the question: "[D]id the district court's order of April 27,

---

of Turner's motion to withdraw his guilty plea "was an act of judicial discretion, and any change in the court's earlier ruling distinctly prejudiced the defendant by denying him a full trial." *McGee*, *supra*, 283 Cal. Rptr. at 531.
*Turner v. Com.*, 10 S.W.3d 136, 141 (Ky. Ct. App. 1999).

[3]     *United States v. Benz*, 282 U.S. 304 (1931).

1972, which allowed Jerry to withdraw his guilty plea, restore such rights *absolutely*, to the effect that the court's subsequent order dated May 1, 1972 rescinding that prior order operated to unconstitutionally deprive Jerry of those rights?" *Id*. at 607. The Court posed the dilemma as follows:

> The withdrawal of a guilty plea seemingly returns a defendant to a pre-trial status where the constitutional rights in question here are crucial to a fair adjudication. On the other hand, if the power of a judge with respect to a motion for withdrawal of a guilty plea is ended when he grants it and he cannot vacate his order for sufficient cause, it seems apparent that the administration of justice might be impeded or even fail.

*Id*. The Court reasoned by analogy to the situation where a new trial is granted and the defendant may similarly be considered to possess all the pretrial constitutional rights but, upon reconsideration, the order for new trial is vacated and the case stands as left by the jury verdict. *Id*.[4] The Court concluded that the order granting withdrawal of the guilty plea was interlocutory and the trial court "may reconsider and revise its prior order while it retains jurisdiction even though the prior order would cause constitutional rights to attach if left unchanged." *Id*. at 608. *See also United States v. Farrah*, 715 F.2d 1097, 1099 (6th Cir. 1983) (adopting the reasoning in *Jerry*); *People v. Wilkens*, 362 N.W.2d 862, 865-66 (Mich. Ct. App. 1984) (citing to *Farrah* and *Jerry*, and allowing reconsideration due to mistake).

In *People v. Bryant*, 860 N.E.2d 511 (Ill. App. Ct. 2006), the defendant contended that reconsideration was not allowed because his "presumption of innocence and constitutional rights" re-attached after the withdrawal of his plea. *Id*. at 514. The court noted that the issue of reconsideration was one of first impression in Illinois. *Id*. at 516. The court cited an Illinois Supreme Court case, *People v. Mink*, 565 N.E.2d 975 (1990), for the proposition that "a court in a criminal case has inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting it such authority." *Bryant*, 860 N.E.2d at 517. The power to reconsider extends to interlocutory as well as final judgments. *Id*. Similar to the analogy in *Jerry*, the *Bryant* court then analogized its case to the *Mink* case, which allowed reconsideration and vacation of an order granting a new trial. *Id*. In *Mink*, the defendant argued that the reconsideration of the grant of a new trial violated the Illinois and United States constitutions. *Mink*, 565 N.E.2d at 978. The *Mink* court held that the order granting the motion for new trial

---

[4]    *Fine v. Commonwealth*, 44 N.E.2d 659 (Mass. 1942).

was interlocutory and subject to reconsideration. *Id*. at 979. The *Bryant* court held, similar to the holding in *Mink*, that the order granting the motion to withdraw was interlocutory and that the defendant's presumption of innocence was not violated by reconsideration. *Bryant*, 860 N.E.2d at 517-18.[5]

We return to the particular issue in this case, which is whether a trial court's reconsideration and reversal of a prior order granting a motion to withdraw a guilty plea violates a defendant's constitutional rights. As noted, some of the cases, at least in part, focus on the interlocutory nature of the orders involved. In *Boise Mode, LLC v. Donahoe Pace & Partners LTD*, 154 Idaho 99, 107, 294 P.3d 1111, 1119 (2013), the Idaho Supreme Court held:

> An interlocutory order is one that "relates to some intermediate matter in the case; any order other than a final order." *Williams v. State, Bd. of Real Estate Appraisers*, 149 Idaho 675, 678, 239 P.3d 780, 783 (2010) (quoting BLACK'S LAW DICTIONARY 1123 (7th ed. 1999)); *see also Newell v. Newell*, 77 Idaho 355, 362, 293 P.2d 663, 667 (1956) ("Interlocutory means provisional, only temporary, not final; not a final decision of the whole controversy; made or done during the progress of an action: intermediate order."); *Evans State Bank v. Skeen*, 30 Idaho 703, 167 P. 1165, 1166 (1917) ("A judgment, order, or decree which is intermediate or incomplete and, while it settles some of the rights of the parties, leaves something remaining to be done in the adjudication of their substantial rights in the case by the court entertaining jurisdiction of the same, is interlocutory."). Thus, an interlocutory order is an order that is temporary in nature or does not completely adjudicate the parties' dispute.

The Supreme Court distinguished between an interlocutory order and a final order in the case of *In Re Doe*, 156 Idaho 103, 107, 320 P.3d 1262, 1266 (2014):

> The preeminent legal dictionary defines "interlocutory["] as "Provisional; interim; temporary; not final." BLACK'S LAW DICTIONARY 731 (5th ed. 1979). By contrast, a "final order" is "[o]ne which terminates the litigation between the parties and the merits of the case and leaves nothing to be done but to enforce by execution what has been determined."

As to its nature, an order granting a motion to withdraw a guilty plea can only be described as interlocutory, since it does not terminate the litigation.

While the order may be interlocutory, Riggins contends that because constitutional rights are implicated, it is not subject to reconsideration, as those previously waived rights automatically re-attach. On the other hand, the State argues that while the rights involved are important, there is nothing that requires they be considered automatically restored, where in

---

[5]     *See also State v. Ruiz*, 282 P.3d 998, 1003-1007 (Utah 2012) (upholding the trial court's reconsideration of prior order granting motion to withdraw guilty plea).

other instances other rights and status determined by interlocutory orders, and subject to reconsideration, are not. As noted, this issue has not been decided by the Idaho appellate courts.[6]

The Florida cases and also *Turner*, relied upon by Riggins, are based on the notion that the order granting the motion to withdraw a guilty plea places the defendant in the same position as if no plea had been entered. On the other hand, the *Jerry* and *Bryant* courts hold that the order is interlocutory and, by analogy to reconsideration of a motion for new trial, not violative of implicated constitutional rights. The logic there is that a court's reconsideration of the granting of a motion for new trial, like reinstating the plea, returns the defendant to the convicted state. We have not been cited to an Idaho appellate court case that deals expressly with reconsideration of an order granting a new trial.[7] However, we note that I.C. § 19-2405 states that "the granting of a new trial places the parties in the same position as if no trial had been had." That statement mirrors Riggins' claim with respect to the withdrawal of a plea. Yet, the appellate courts may reverse a decision granting a new trial which would reinstate the determination of guilt. *State v. Cantu*, 129 Idaho 673, 675, 931 P.2d 1191, 1193 (1997). This would have the same effect as reconsideration of the order granting withdrawal of a guilty plea. So, we are here confined under the first prong of *Perry* determining whether a constitutional right was violated. We too adopt the analogy to reconsideration of the grant of a new trial. If the granting of a new trial returns the defendant to the status before the plea, reversal of the order withdrawing the plea does not violate the defendant's constitutional rights. The defendant's constitutional rights do not absolutely restore upon granting of a motion to withdraw a guilty plea and thus, reconsideration

---

[6]  In *State v. Thorngren*, 149 Idaho 729, 240 P.3d 575 (2010), Thorngren argued that the district court's change of a ruling on the admissibility of a statement violated her due process rights. *Id*. at 734, 240 P.3d at 580. The Idaho Supreme Court stated that "a party must be mindful of a court's discretion to change its own pretrial rulings, especially evidentiary rulings." *Id*. at 736, 240 P.3d at 582. As to evidentiary rulings in particular, the *Thorngren* Court noted that in *State v. Streich*, 163 Vt. 331, 349, 658 A.2d 38, 50 (1995), the Court held that a criminal defendant cannot claim a due process violation based on a defendant's reliance on a pretrial evidentiary ruling that is subsequently changed. *Thorngren*, 149 Idaho at 736, 240 P.3d at 582. The Court held that Thorngren "was not deprived of due process when the court changed its ruling because, as stated in *Streich*, reliance to that extent is not warranted in the case of a pretrial evidentiary ruling." *Id*.

[7]  Similarly, we are unaware of an Idaho appellate case in which the State appealed the granting of a motion to withdraw a guilty plea. Perhaps because such an order is not appealable under Idaho Appellate Rule 11, and proceedings that follow would determine guilt or innocence.

8

does not automatically violate such rights. Therefore, Riggins has not shown a violation of an unwaived constitutional right necessary to demonstrate fundamental error.

## III.

## CONCLUSION

The trial court's reconsideration of its prior order granting Riggins' motion to withdraw his guilty plea did not violate his constitutional rights. Fundamental error has not been demonstrated. Therefore, the order of the district court reconsidering and reinstating Riggins' guilty plea and his judgment of conviction and sentence are affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.