[No. A051882. First Dist., Div. Five. July 19, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY THUSHUN McGEE, Defendant and Appellant.

**COUNSEL**

J. Frank McCabe, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence

K. Sullivan and David Lew, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

LOW, P. J.—Defendant Timothy Thushun McGee challenges the trial court's authority to reconsider and to vacate its earlier ruling setting aside defendant's guilty plea to sexual molestation of a child under age 14. (Pen. Code, § 288, subd. (a).)[1] We hold that the court may not reinstate a guilty plea without defendant's acquiescence.

The information charged defendant with sexually assaulting Christina M.

On June 18, 1990, defendant pleaded guilty to the section 288 offense pursuant to a negotiated disposition requiring the prosecutor to recommend a period of probation conditioned upon serving 360 days in the county jail. At the August 31, 1990, hearing on defendant's motion to withdraw his plea, he testified: "I couldn't really think the way I was supposed to be thinking at the time." The district attorney cross-examined defendant and vigorously opposed the motion. The trial court granted the motion, stating that it was convinced defendant's plea was not voluntary and that he noticed the defendant was under a great deal of stress. The court elaborated: "In my mind and at the time I took the plea we went through all the waivers and Mr. McGee indicated that he understood them all; however, while we were taking the plea I detected a great deal of reluctance and second thoughts and misgivings on the part of the defendant. I felt that while he apparently was indicating and making all the appropriate responses on the record, I didn't defect [sic] that he really had come to grips with what he was entering this plea to." The court set a trial for September 10, 1990.

Meanwhile, the district attorney made a motion to reconsider the order setting aside defendant's guilty plea, on the grounds that defendant failed to demonstrate good cause as required by section 1018, and the delay would severely prejudice the People's case because of the nine-year-old victim's inability to recall the details of the offense. The hearing on the motion for reconsideration was continued, to allow the trial court to review the transcript of defendant's guilty plea.

On October 12, the trial court ruled that defendant had not established "a sufficient basis under the law by clear and convincing evidence upon which

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

the Court could base an order granting the Defendant's motion to withdraw the plea." The court noted that it did not consider prejudice to the People's case to be a proper factor for consideration. The court added that it had allowed the earlier withdrawal without reviewing the entire transcript. The court concluded that its decision allowing defendant to withdraw his guilty plea was not supported by substantial evidence and reinstated the guilty plea. In doing so, the court relied on Code of Civil Procedure section 657, subdivision 6, which provides for a new trial upon insufficiency of the evidence or the verdict.

Defendant was sentenced to five years' probation on condition he spend 360 days in county jail.

I

Defendant contends the trial court lost jurisdiction once it entered an order allowing him to withdraw his plea. Defendant compares it to a ruling on a motion for a new trial. He argues that, subject to limited exceptions, once the trial court has ruled on a motion for a new trial, it is without authority to reexamine its decision. (*In re Levi* (1952) 39 Cal.2d 41, 45 [244 P.2d 403]; *People* v. *Hernandez* (1988) 199 Cal.App.3d 768, 771-773 [245 Cal.Rptr. 156].) Although we do not agree with the new trial analogy, we conclude that the court acted without jurisdiction to reconsider and to set aside its previous ruling.

There is nothing in the statute (§ 1018) authorizing guilty pleas to permit the court to reconsider its original order to withdraw the plea upon the application by the prosecution. Section 1018 requires that every plea must be entered or withdrawn "by the defendant himself in open court." It further provides: "On application of the defendant at any time before judgment the court may, . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." The language of the statute is plain and needs no construction. (See, e.g., *People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154].) Section 1018 permits the defendant, *and only the defendant*, to enter a guilty plea or make a motion to withdraw a previously entered plea. The language permits no interpretation that would allow the prosecutor to make a motion, or the trial court on its own motion, to reinstate the guilty plea after it is withdrawn. The prosecutor had no authority, under this statute, to make a motion before the trial court to "reconsider" the previous ruling allowing defendant to withdraw his plea. Having entered its order to withdraw the plea, the trial court could not rely on this statute to entertain the prosecutor's motion to reconsider and annul its earlier ruling. We note that if the People desired review of

the earlier nonappealable order of withdrawal, they could have petitioned for a writ of mandate. (See *People* v. *Thompson* (1970) 10 Cal.App.3d 129, 136-138 [88 Cal.Rptr. 753]; *People* v. *Municipal Court* (*Gelardi*) (1978) 84 Cal.App.3d 692, 697-698 [149 Cal.Rptr. 30].)

II

The People argue that, apart from this statute, the trial court has the inherent power to reconsider and modify its prior ruling once it determined it was erroneous. The People rely on dictum in *People* v. *Krivda* (1971) 5 Cal.3d 357, 362-363 [96 Cal.Rptr. 62, 486 P.2d 1262], much of which was disapproved in *Madril* v. *Superior Court* (1975) 15 Cal.3d 73, 77-78 [123 Cal.Rptr. 465, 539 P.2d 33]. Moreover, the court in *Krivda*, recognizing the divergent line of cases on this issue, refused to attempt to reconcile them. (*Krivda, supra*, at p. 363.)

■ "It is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.] The power exists independently of statute and may be exercised in criminal as well as in civil cases. [Citation.] . . . The court may correct such errors on its own motion or upon the application of the parties. [Citation.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729]; *Smith* v. *Superior Court* (1981) 115 Cal.App.3d 285, 290 [171 Cal.Rptr. 387].) Clerical error must be distinguished from judicial error, which cannot be corrected once final. (*Candelario, supra*, 3 Cal.3d at p. 705; 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) § 3130, pp. 3862-3864.) "Generally, a clerical error is one inadvertently made, while a judicial error is one made advertently in the exercise of judgment or discretion. [Citations.]" (*People* v. *Jack* (1989) 213 Cal.App.3d 913, 915 [261 Cal.Rptr. 860]; *Candelario, supra*, at p. 705.) ■ The asserted error here—the court's determination that defendant showed good cause to withdraw his guilty plea—is a judicial error and the trial court did not have the inherent power to reexamine its original ruling. This is especially so absent the presentation of new evidence.

In *Candelario, supra*, our Supreme Court held that the trial court did not have jurisdiction to amend the abstract of judgment after trial and sentencing by adding a prior felony conviction of possession of marijuana. (3 Cal.3d at p. 708.) Defendant admitted the prior conviction at his trial for selling heroin. The court entered judgment on the heroin offense, but failed to pronounce judgment finding defendant guilty of the prior conviction and to enter that finding in the abstract of judgment. After the defendant was remanded to the Department of Corrections, on its own motion, the trial court amended the abstract of judgment to include the prior conviction.

The Supreme Court held this to be a noncorrectable judicial error: "An amendment that substantially modifies the original judgment or materially alters the rights of the parties, may not be made by the court under its authority to correct clerical error, therefore, unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion. [Citations.]" (*Id.*, at p. 705; cf. Goodman, *The Power of the Trial Judge to Change a Prior Ruling on a Motion* (1970) 45 State Bar J. 483.)

*Smith v. Superior Court, supra,* is also apposite. *Smith* held that a trial court has no inherent authority to vacate a dismissal, to a charge of embezzlement of a rental car, entered deliberately but on an erroneous factual basis. The trial court agreed to enter a dismissal, based on an unlawful search, on the prosecution's representation that there were no pending appellate matters. (115 Cal.App.3d at pp. 287-288.) Unknown to the prosecutor, the Attorney General had filed an application for a stay pending completion of a petition of certiorari to the United States Supreme Court. Upon learning of this, the prosecutor moved to vacate the dismissal, and the trial court granted the motion, reinstating the charges against defendant. The reviewing court granted defendant's request for mandate, concluding that this was a noncorrectable judicial error. "When the trial court entered the order of dismissal it was performing the act it intended to perform. The mistake touched only the factual basis for its action." (*Id.*, at p. 292.)

■ We recognize that there is authority, represented by *People v. Eggers* (1947) 30 Cal.2d 676, 692 [185 P.2d 1] (and cases cited therein), which holds that under certain circumstances a judge has jurisdiction to reconsider and may modify or revoke its previous ruling when it is satisfied it is erroneous. (See discussion, *post,* p. 627.) We believe this line of cases should be read to apply only to "procedural" rulings, and not to a final adjudication of the rights or status of a defendant, as in this case. (See *Greene v. Superior Court* (1961) 55 Cal.2d 403, 405 [10 Cal.Rptr. 817, 359 P.2d 249] [court was without jurisdiction to vacate the previous ruling of a coordinate court to reduce support payments pendente lite, as this was a noncorrectable judicial error].)

■ The error in this case concerned the trial court's reevaluation of the factual basis for its earlier ruling, and constituted a judicial error. The trial court entered the order it intended and granted no continuance for further deliberation. (See, e.g., *People v. Lopez* (1981) 116 Cal.App.3d 600, 604-605 [172 Cal.Rptr. 236] [after granting defendant's suppression motion on the ground of unconstitutionality of a Vehicle Code statute, the court continued the hearing to consider a different issue. In doing so, the court reconsidered its earlier ruling and made a final decision denying the suppression motion].) The People's only claim was that the trial court erred in finding there was

sufficient evidence to support the withdrawal request. This was an act of judicial discretion, and any change in the court's earlier ruling distinctly prejudiced the defendant by denying him a full trial. (Cf. *Jack, supra,* 213 Cal.App.3d at p. 917 [error in calculating presentence credits was a *clerical error* which may be corrected by amendment].) Under these circumstances, we hold the trial court was without jurisdiction to entertain the prosecutor's motion to reconsider its earlier ruling.

### III

■    The People next contend that Code of Civil Procedure section 128, subdivision (a)(8) provides the statutory authority to review and rescind the withdrawal order. Parenthetically, we note the Attorney General makes no effort to support the trial court's reliance on Code of Civil Procedure section 657, subdivision 6. That section, containing grounds for a new trial in civil cases, has no application in a criminal context, which would be governed by the comparable requirements contained in section 1181, subdivisions 6 and 7. Furthermore, the order allowing defendant to withdraw his guilty plea is not analogous to an order granting a new trial. (See *Thompson, supra,* 10 Cal.App.3d at p. 135.)

■    Code of Civil Procedure section 128, subdivision (a)(8) provides: "Every court shall have the power . . . [¶] . . . [t]o amend and control its process and orders so as to make them conform to law and justice." While this section has been applied to criminal cases in certain circumstances (see *People* v. *Keenan* (1988) 46 Cal.3d 478, 513 [250 Cal.Rptr. 550, 758 P.2d 1081]), it has no application here.

In *Bloniarz* v. *Roloson* (1969) 70 Cal.2d 143 [74 Cal.Rptr. 285, 449 P.2d 221], the court delimited the power under Code of Civil Procedure section 128, subdivision (a)(8), "to amend and control its process and orders" to the correction of clerical errors; setting aside judgments and orders inadvertently made and not the result of an exercise of judgment and other powers "inherently necessary for the court to make its judgments speak the truth and to insure that its orders are carried out in the manner that conforms to justice and the court's intention." (70 Cal.2d at p. 148; *Smith, supra,* 115 Cal.App.3d at p. 291, fn. 2.)

Code of Civil Procedure section 128 does not recognize an inherent right to reconsider a final order or judgment based on an erroneous interpretation of the law or facts. The People's reliance on *Eggers, supra,* 30 Cal.2d 676, *People* v. *Apodaca* (1978) 76 Cal.App.3d 479 [142 Cal.Rptr. 830], and *People* v. *Beasley* (1967) 250 Cal.App.2d 71 [58 Cal.Rptr. 485], does not compel a different result. In *Eggers,* the trial court was deemed to have the

inherent power to reconsider its earlier decision to have the sanity phase of a murder prosecution tried by the same jury which found the defendant guilty of first degree murder of his wife. Following the guilty verdict, the trial court routinely ordered the same jury to try the sanity phase. Shortly thereafter, the judge was informed by a juror and the jury foreman of matters indicating the jury would be unable to reach a verdict on this issue. Based on this new information, the judge, on his own motion, dismissed the first jury and impaneled another one. (30 Cal.2d at p. 690.)

*Eggers* is distinguishable. The suitability of the guilt phase jury to try the sanity phase was never questioned until after the court made its order directing them to hear the sanity issue. Essentially, there was but one hearing on the motion to dismiss the jury. We have no quarrel with a principle that permits a trial court to change its procedural rulings during the progress of a trial if it later becomes aware of difficulties which would hamper the efficient administration of justice. In contrast, here the trial court entertained *two* hearings on the same motion to withdraw the guilty plea. The second hearing was triggered by the prosecutor's request for reconsideration based on nothing more than a belief the court erred in its previous ruling. The order withdrawing the guilty plea was final. The only task left for the trial court was to set a trial date, which it did. There was no continuance of the hearing on the withdrawal motion, as in *Lopez, supra,* nor was the court exercising its supervisory powers over the conduct of a trial.

In *Apodaca,* the court held that under the predecessor statute to Code of Civil Procedure section 128, subdivision (a)(8), a pretrial ruling denying defendant's motion for a particular jury instruction is not binding on the trial judge. (76 Cal.App.3d at p. 488.) In *Beasley,* the court held that the same section permitted a trial court, in ruling on a motion to dismiss under section 995, to reconsider its earlier ruling granting defendant's motion to suppress evidence as to several incriminating items. (250 Cal.App.2d at p. 77.) Neither *Apodaca* nor *Beasley* concerns a request to reconsider the same motion, based on the same evidence, before the same court. *Apodaca* held the trial court was not bound by a pretrial ruling denying defendant's request for a particular jury instruction. (76 Cal.App.3d at p. 488.) In *Beasley,* the trial court was not bound to follow an *in limine* ruling affecting the admission of evidence. (250 Cal.App.2d at p. 77.)

These two decisions merely represent examples of the general principle that a pretrial ruling is not binding on the trial court. (See *People* v. *Hayes* (1990) 52 Cal.3d 577, 616 [276 Cal.Rptr. 874, 802 P.2d 376]; *Keenan, supra,* 46 Cal.3d at p. 513.) The procedural posture in this case is significantly different from that in *Apodaca* and *Beasley.* The order allowing defendant to

withdraw his plea is by no means tantamount to a pretrial ruling on the admission of evidence or to an order affecting the process of the criminal trial. This ruling returned defendant to the position before he entered his guilty plea and granted him a full trial. The reexamination of the previous ruling was not part of a different motion or a preliminary proceeding. (Cf. *Beasley, supra,* 250 Cal.App.2d at p. 77.) Nothing stated in these cases would support the trial court's reconsideration of its earlier ruling.

The judgment is reversed. The trial court is directed to vacate its order reinstating defendant's guilty plea and to enter an order withdrawing the plea. The court is directed to set a new trial date.

King, J., and Haning, J., concurred.