Filed 7/23/13  P. v. Cifuentes CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062897 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD126482) |
| BYRON A. CIFUENTES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed.

Patrick M. Ford for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steven T. Oetting and Laura A. Glennon, Deputy Attorneys General, for Plaintiff and Respondent.

On April 18, 1997, Byron Cifuentes was charged with discharging a firearm in a grossly negligent manner (Pen. Code,[1] § 246.3; count 1) and possessing a firearm as a

---

[1]     All future statutory references are to the Penal Code unless otherwise indicated.

felon (§ 12021, subd. (a)(1); count 2).  Cifuentes pleaded guilty to possessing a firearm as a felon, and the court dismissed count 1.  The court granted Cifuentes three years of probation.

Fifteen years later, Cifuentes moved to vacate the judgment and withdraw his guilty plea under section 1016.5.  He contended neither the court nor his counsel advised him of the immigration consequences that attached to his guilty plea in 1997.  The People agreed to allow the plea to be withdrawn on the condition Cifuentes enter a guilty plea to count 1 (which is a "strike" offense).  The court granted Cifuentes's motion, and Cifuentes entered a guilty plea to count 1 nunc pro tunc to 1997.  Two days later, the court held a chambers conference with both counsel and ultimately stayed its order granting the motion.  On May 1, 2012, the court rescinded its order.  On September 25, 2012, Cifuentes moved again to vacate the judgment and withdraw his guilty plea under section 1016.5, which a different court denied.

Cifuentes appeals, contending the court lacked jurisdiction to rescind its original order granting Cifuentes's first section 1016.5 motion, and judicial estoppel prevents the People from arguing the court improperly granted the motion.  Cifuentes does not challenge the denial of his motion in September 2012 on the merits.  He only challenges the May 1, 2012 order rescinding the earlier action by the trial court allowing the change of plea.

FACTS

On May 13, 2009, Immigration and Customs Enforcement agents detained Cifuentes and initiated removal proceedings against him.  In preparation for his defense,

2

Cifuentes contacted an immigration attorney who told him an immigration judge lacks authority to pardon a defendant in a removal proceeding if the defendant was convicted of an aggravated felony. Thus, the immigration judge lacked authority to pardon Cifuentes because Cifuentes pleaded guilty to count 2, an aggravated felony, in 1997. However, if Cifuentes pleaded guilty to count 1, a nonaggravated felony, instead of count 2, he would be in a better position to obtain relief from immigration removal.[2]

DISCUSSION

I

*THE COURT'S ORDER IS VOID FOR LACK OF JURISDICTION*

Resolution of this case is made difficult because of the confused nature of the proceedings. Although the People opposed Cifuentes's first motion they ultimately negotiated a new plea agreement under which Cifuentes could withdraw his plea to count 2, on the condition that he plead to count 1, a more serious, strike offense. The court accepted the new plea bargain, even though the original plea was in 1997, count 1 had long been dismissed and the conviction for count 2 had been dismissed under section 1203.4 years earlier.

Apparently the trial court had second thoughts about the propriety of the new plea deal and first stayed his order and, after conferring with counsel, set aside his prior orders, leaving the 1997 disposition in place.

---

[2] Given the limited scope of this appeal it is not necessary to discuss the facts of the underlying offense, nor the testimony at the September 2012 hearing.

3

Neither party sought appellate review of the court's May 1, 2012 decision. It was not until four months later that Cifuentes returned to the trial court with a second motion under section 1016.5. That motion went to an evidentiary hearing, after which the motion was denied. Cifuentes does not challenge the denial of the second motion on the merits. Rather he now contends the trial court had no power set aside his order accepting the new plea bargain.

The failure to challenge the denial of the second motion is understandable because the record clearly shows the motion to be without merit. According to the record, Cifuentes was advised of possible deportation consequences in the change of plea form. As counsel advised the court at the second motion, there are repeated references in the 1997 probation report to Cifuentes's then concerns about his immigration status in light of the conviction. The record also shows that Cifuentes was contacted by immigration authorities in 2009 and that deportation proceedings were instituted. It was not however, until 2012 that Cifuentes filed his first motion under section 1016.5. Thus the record of the September 2012 hearing shows Cifuentes was informed of and aware of potential immigration problems in 1997 and did nothing to challenge the plea until three years after federal authorities had initiated the deportation process.

The record further shows that the problem presented at the first and second motions was that changes in federal immigration law had created the anomaly that the possession offense in count 2 was now considered an aggravated felony, but the more serious, strike offense in count 1 no longer an aggravated felony. Thus in 2012, the strike

4

conviction arguably would not present the same problems for him in his current immigration case.

Based on this record, we conclude the narrow question presented here is whether the trial court had the jurisdiction to accept a new plea bargain, nunc pro tunc, and the corollary question being if the court did not have the power to accept the new plea deal, did it have the power to correct its own error. We conclude the trial court did not have jurisdiction to set aside the plea to count 2 under a new plea agreement to accept a plea to count 1. Since the court did not have the power to take the first action, we find it certainly had the power to correct its error. Thus, at the time of the hearing on the second motion the trial court had jurisdiction to make a ruling on the merits of that motion.

Cifuentes contends the court had jurisdiction to grant his motion to withdraw his guilty plea because the motion was timely under section 1016.5. The People contend Cifuentes's motion to withdraw his guilty plea to one charge and enter a guilty plea to a different charge was untimely under section 1018, the court lacked jurisdiction to grant the section 1016.5 motion because a court properly advised Cifuentes of the immigration consequences of his guilty plea, and the court lacked jurisdiction to accept a guilty plea nunc pro tunc to a count the court dismissed 15 years ago. We agree the court lacked jurisdiction to accept Cifuentes's guilty plea to count 1, thus the entire order is void regardless of whether Cifuentes's motion to withdraw his guilty plea to count 2 was timely.

5

Section 1016.5

Cifuentes contends his motion was timely because he moved to withdraw his plea under section 1016.5, not section 1018. We need not determine whether Cifuentes's motion is timely under section 1016.5, because the court granted relief outside the scope of section 1016.5, and that relief exceeded the court's jurisdiction.

Motions under section 1016.5, section 1018, and writs of error *coram nobis*[3] are methods to achieve changes of plea. Section 1018 provides procedural standards for change of plea motions. However, motions under section 1016.5 are not governed by section 1018, unlike writs of error *coram nobis*. (See *People v. Hyung Joon Kim* (2009) 45 Cal.4th 1078 [writs of error *coram nobis* are procedurally different than section 1016.5 motions].) Under section 1016.5, a court may vacate a prior judgment or order and allow a defendant to withdraw a guilty plea if a court inadequately advised the defendant of the immigration consequences of that plea at the time the defendant entered the plea. The *exclusive* remedy of section 1016.5 is that a defendant may move to vacate the guilty plea and enter a plea of not guilty. (*People v. Murillo* (1995) 39 Cal.App.4th 1298, 1305.) Unlike section 1018, section 1016.5 contains no time bar. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 204.) A motion under section 1016.5 to vacate a guilty plea based on inadequate advisement of the immigration consequences of the plea is timely "if brought within a reasonable time after the conviction actually

---

3      A writ of error *coram nobis*, a narrow nonstatutory remedy to secure relief where no other remedy exists, enables a court to reconsider a prior judgment based on an unknown fact that, if known, would have prevented the rendition and entry of the judgment. (*People v. Hyung Joon Kim, supra,* 45 Cal.4th 1078, 1091.)

'may have' such consequences." (*Zamudio, supra,* at p. 204.)  The defendant does not have the burden to show due diligence under section 1016.5.  (*Zamudio, supra,* at p. 204.) Rather, the motion is untimely if the People show the defendant had cause to question the adequacy of the court's immigration advisement long before the defendant moved under section 1016.5.  (*Zamudio, supra,* at p. 204; see also *People v. Carty* (2003) 110 Cal.App.4th 1518.)

Cifuentes moved under section 1016.5 rather than section 1018 or by writ of error *coram nobis*.  Section 1016.5 properly governs Cifuentes's motion to withdraw his guilty plea to count 2 because it concerned withdrawal of a guilty plea based on a court's inadequate immigration advisement.  However, section 1016.5 does not govern the negotiated agreement that Cifuentes plead guilty to count 1 because the exclusive remedy of section 1016.5 is to allow withdrawal of guilty pleas based on a court's inadequate immigration advisement.  (See *People v. Murillo*, *supra*, 39 Cal.App.4th at p. 1305.) Because the court granted relief outside the scope of section 1016.5, the court's jurisdiction to accept Cifuentes's guilty plea to count 1 is also at issue.

Section 1018

The People contend the court lacked jurisdiction to grant Cifuentes's motion because it was untimely under section 1018.  Although Cifuentes moved to withdraw his guilty plea under section 1016.5, the agreement that he plead guilty to count 1 is governed by section 1018, and we agree it was untimely.

Section 1018 governs changes of plea unless a defendant properly moves under another statute like section 1016.5.  (See *People v. Hyung Joon Kim*, *supra*, 45 Cal.4th at

7

pp. 1105-1107.)  Under section 1018, a defendant must move to change his or her plea before the judgment or within six months of the final order if entry of judgment is suspended.  (*Kim*, *supra*, at p. 1106, fn. 17; *People v. Miranda* (2004) 123 Cal.App.4th 1124, 1133-1134 [the six-month time limitation is mandatory].)

The agreement that Cifuentes plead guilty to count 1 did not involve withdrawal of a guilty plea based on a court's inadequate immigration advisement, thus the new plea bargain is not properly governed by section 1016.5.  By default, the new plea agreement is governed by section 1018.  (See *People v. Hyung Joon Kim*, *supra,* 45 Cal.4th at pp. 1105-1107.)  Under section 1018, the agreement to plead guilty to count 1 was untimely because the court dismissed count 1 over 15 years ago.  (See *People v. Miranda*, *supra*, 123 Cal.App.4th at pp. 1129-1130 [motion to change plea under section 1018 five years past the mandatory statutory period of six months after judgment was untimely].)  While the agreement that Cifuentes would plead guilty to count 1 was untimely under section 1018, the court granted the parties' request by accepting the guilty plea nunc pro tunc after vacating the 1997 judgment under section 1016.5.

Nunc Pro Tunc Modifications

The People contend the court lacked jurisdiction to accept the guilty plea nunc pro tunc.  We agree, accordingly the entire order is void for lack of jurisdiction.

A nunc pro tunc modification of a judgment or order is an entry made in the present that has effect as of the judgment or order's original date.  (See *In re Marriage of Padgett* (2009) 172 Cal.App.4th 830, 851.)  Nunc pro tunc modifications may only resolve clerical errors.  (*People v. Hyung Joon Kim* (2012) 212 Cal.App.4th 117, 124.)

8

"The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' " (*In re Candelario* (1970) 3 Cal.3d 702, 705.) A nunc pro tunc modification of a defendant's prior sentence to avoid deportation for an aggravated felony under federal immigration laws is not a clerical order and is thus invalid. (*People v. Borja* (2002) 95 Cal.App.4th 481, 483-484.) An invalid nunc pro tunc order is void for lack of jurisdiction. (See *APRI Ins. Co. v. Superior Court* (1999) 76 Cal.App.4th 176, 186 ["trial court was without authority" in making improper nunc pro tunc order]; *In re Marriage of Padgett, supra,* 172 Cal.App.4th at p. 855 [order was void when trial court "exceeded its power" in making improper nunc pro tunc order].) Further, a court's entire judgment or order is void if a court lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant. (*Armstrong v. Armstrong* (1976) 15 Cal.3d 942, 950 (*Armstrong*).)

Here, the trial court did not have jurisdiction to accept a guilty plea nunc pro tunc because the court modified the 1997 order to satisfy a new agreement, not to correct purely clerical errors. Since the court lacked jurisdiction to make nunc pro tunc modifications, and the change of plea was otherwise untimely under section 1018, the court acted without jurisdiction when it accepted Cifuentes's guilty plea to count 1. Thus, the entire order was void for lack of jurisdiction. (See *Armstrong*, *supra*, 15 Cal.3d 942, 950 [an order is entirely void when a court lacked jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant].)

9

Judicial Estoppel

Cifuentes contends judicial estoppel prevents the People from arguing the court improperly granted Cifuentes's section 1016.5 motion because he was not adequately informed of the immigration consequences of his plea at the time he entered his guilty plea. We need not address this contention given the narrow issues before us. This appeal does not challenge the September 2012 decision on the merits. As we have noted above, the record itself supports the September decision, without considering the People's views on the issue at the time of the first motion.

II

*THE COURT HAD JURISDICTION TO RESCIND THE VOID ORDER*

Cifuentes contends the court lacked jurisdiction to rescind its order granting the first section 1016.5 motion to withdraw his guilty plea. We disagree.

Cifuentes cites *People v. McGee* (1991) 232 Cal.App.3d 620 (*McGee*) to support the conclusion the court lacked jurisdiction to rescind its order. *McGee* holds that Code of Civil Procedure section 128, subdivision (a)(8), which provides "[e]very court shall have the power . . . to amend and control its process and orders so as to make them conform to law and justice[,]"[4] does not apply to a final order or judgment based on an erroneous interpretation of law or facts. (*McGee, supra,* at p. 626.) Though there are few limits on a court's power to reconsider interim rulings in criminal cases (*People v. Castello* (1998) 65 Cal.App.4th 1242, 1246), final rulings regarding the withdrawal of a

---

4      See *Gonzalez v. Superior Court* (1935) 3 Cal.2d 260, 263-264 [parts of the Code of Civil Procedure that expressly apply to penal actions apply to criminal cases].

guilty plea must be remedied by writ of mandate or by a defendant's motion to withdraw the previously entered plea. (*People v. Thompson* (1970) 10 Cal.App.3d 129, 136-138.)

However, *McGee* held a court cannot set aside its ruling for judicial error when the court had original jurisdiction to grant a motion to withdraw a guilty plea. (*McGee, supra,* 232 Cal.App.3d at pp. 624-625.) Thus, *McGee* is inapplicable to this case because the order here was void for lack of original jurisdiction. A trial court may move to set aside a void judgment or order on its own motion. (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 938; *In re Marriage of McNaughton* (1983) 145 Cal.App.3d at pp. 848-849.)

Thus, the court had jurisdiction to rescind the order since the order was void.

DISPOSITION

The judgment is affirmed.



HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


AARON, J.

11