Filed 1/16/20

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOMINICK HUMPHREY,<br><br>    Defendant and Appellant. | D074473<br><br><br><br>(Super. Ct. No. SCS243881 ) |

APPEAL from a judgment of the Superior Court of San Diego County, Keri G. Katz, Judge.  Affirmed.

Dominick Humphrey, in pro. per.; John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Kristen Ramirez and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

On August 8, 2011, Dominick Humphrey pled guilty to four counts of robbery (Pen. Code,[1] § 211; counts 2, 3, 4, and 24).  For three of these counts (counts 2, 3, and 4), Humphrey admitted that he used a deadly weapon (a knife) during the commission of the

---

1    Statutory references are to the Penal Code unless otherwise specified.

offenses within the meaning of section 12022, subdivision (b)(1) and used a firearm during the commission of one of the counts (count 24) within the meaning of section 12022.5, subdivision (a). Humphrey also admitted that he was 16 years old when he committed the crimes within the meaning of Welfare and Institutions Code section 707.

On October 14, 2011, the trial court sentenced Humphrey to prison for 19 years, consisting of: (1) for count 24, the upper term of five years plus a consecutive 10-year term for the firearm enhancement; (2) for counts 2, 3, and 4, consecutive one-year terms for each count; and (3) consecutive four month terms for the deadly weapons enhancements for counts 2, 3, and 4.

On November 22, 2017, five years into Humphrey's sentence, an employee of the California Department of Corrections and Rehabilitation (CDCR) wrote a letter to the superior court, stating that the abstract of judgment "may be in error, or incomplete[.]" On March 29, 2018, the trial court clarified that Humphrey was sentenced to 15 years for count 24 and the associated firearm enhancement and consecutive 16-month terms for counts 2, 3, and 4 (including their deadly weapon enhancements). An amended abstract of judgment was issued showing a sentence of 19 years in state prison.

On April 30, 2018, Humphrey filed a motion to strike the firearm enhancement under Senate Bill No. 620. The trial court denied the motion because Humphrey's conviction became final before the enactment of Senate Bill No. 620.

Humphrey timely filed a notice of appeal.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, indicating that he had not been able to identify any arguable issue for reversal on appeal.

2

Counsel asked this court to review the record for error as mandated by *Wende.* In reviewing the record, we discovered an issue to be briefed. As such, we requested the parties brief whether the trial court erred in finding Humphrey ineligible for relief under Senate Bill No. 620 after the court acted to correct the abstract of judgment.

The parties filed the requested letter briefs.

BACKGROUND

At Humphrey's sentencing hearing on October 14, 2011, the trial court stated that it had reviewed the stipulated change of plea form and sentence, the probation report, the stipulated sentence report, and a "brief memo" regarding restitution. The court commented that it believed the correct sentence to be 19 years, not the 19 years four months set forth in the materials. Both the prosecutor and the defense attorney agreed with the court's assessment.

After discussing restitution and denying probation, the court sentenced Humphrey as follows:

> "As to count 24, I'll impose a stipulated upper term of 5 years in state prison, added to that will be the stipulated upper range of 10 years for the Penal Code section 12022.5(a) finding that was admitted to. That will be a total term on count 24 of 15 years in state prison. [¶] At to counts 2, 3, and 4, each of which are also violations of Penal Code section 211, the court will impose a stipulated middle term of 3 years plus an additional 1 year for the Penal Code section 12022(B)(1) allegation. However, because they have agreed to be served consecutively, that will result in an additional term for each of counts 2, 3, and 4 of 1 year 4 months in state prison. So 15 years plus 1 year 4 months for each of counts 2, 3, and 4. That will be a total of 19 years in state prison."

3

The original abstract of judgment, dated October 14, 2011, listed the total term in prison as 19 years. However, the component parts of the sentence related to each count and enhancement did not track what the court stated at the sentencing hearing. For example, the abstract listed five years for count 24 and one year four months each for counts 2, 3, and 4. In addition, it listed 10 years for the firearm enhancement under section 12022.5, subdivision (a) as well as one year for each of the deadly weapon enhancements under section 12022, subdivision (b) for counts 2, 3, and 4.

On November 22, 2017, a correctional case records manager from the Division of Adult Institutions Legal Processing Unit wrote to the superior court, indicating an error in the abstract of judgment might exist. Specifically, the letter stated, in part, as follows:

> "The Abstract of Judgment and the Minute Order reflects Counts 2, 3, and 4, [Penal Code] § 211 Robbery 2nd degree, with one-third the middle term of 1 year 4 months imposed. The sentencing triad for this offense is 2 years, 3 years, or 5 years. Therefore, one-third the middle term is 1 year.

> "The Abstract of Judgment and the Minute Order reflects Counts 2, 3, and 4 Enhancement pursuant to [Penal Code] 12022(B)(1), with 1 year imposed concurrent. The punishment must run consecutively. In addition, pursuant to [Penal Code] 1170.1(a)[,] [t]he subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offences. Therefore one-third the term for this enhancement is 4 months."

On March 29, 2018, the superior court addressed the concerns set forth in the November 22, 2017 letter at a hearing. Humphrey was not present but the attorney who

4

represented him at the time of his plea and sentencing appeared. The prosecutor attended as well.

The court noted that they were present to address "basically a clerical error on the abstract." The court emphasized that the error was not the fault of the clerk who prepared the abstract but, instead, commented that the judge who sentenced Humphrey "wasn't clear enough in terms of how he arrived at the 19-year sentence."

The court then explained the sentence:

> "Judge Clark selected Count 24 as the principal count and he selected the upper term of five years on Count 24.
>
> "The defendant having admitted the allegation pursuant to Penal Code 12022.5 subdivision (a), Judge Clark imposed an additional and consecutive 10 years on that count for a total term of 15 years on Count 24.
>
> "The defendant also pled guilty to Penal Code 211 in Counts 2, 3, and 4. He also admitted allegations in Counts 2, 3, and 4 pursuant to Penal Code 12022 subdivision (b)(1).
>
> "Judge Clark imposed a consecutive sentence of Counts 2, 3, and 4. And he selected the mid term of three years and he imposed that at one-third of the middle term for an additional and consecutive one year on Count 2, one year on Count 3, one year on Count 4.
>
> "Now, each of those three counts, Counts 2, 3, and 4, the defendant admitted the allegation pursuant to 12022 subdivision (b)(1). 12022 subdivision (b)(1) carries a one-year sentence. However, the judge imposed those consecutive; so those imposed at one-third of that term. So one-third of one year was four months. So each of those 12022 subdivision (b)(1) allegations was imposed at one-third on one year or four months. So it was four months on 12022.1 for Count 2, four months for the 12022—sorry—12022(b)(1) on Count 3, and four months for the allegation pursuant to 12022 subdivision (b)(1) on Count 4.

5

"So total term was 19 years.  The Court will direct our clerk to prepare an amended abstract reflecting that.  [¶] . . . [¶]  And that, I believe, is our understanding of what happened at sentencing back in 2011."

Neither defense counsel nor the prosecutor commented on or objected to what the court summarized.

An amended abstract of judgment, correctly reflecting Humphrey's sentence, was filed on April 5, 2018.

On April 30, 2018, Humphrey filed a motion for resentencing, arguing that the court should exercise its discretion under Senate Bill No. 620 to strike his firearm enhancement.  The court denied the motion, explaining that it had limited authority to resentence Humphrey because his sentence was the result of a plea bargain and stipulated term.  (See *People v. Segura* (2008) 44 Cal.4th 921, 931.)  Also, the court noted that Senate Bill No. 620 does not apply to cases that were final before the law took effect.  (See *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)  Because Humphrey's case was final as there was no pending appeal and the time to appeal had expired, the court concluded he was not entitled to relief under the new law.

## DISCUSSION

At the time of sentencing on October 14, 2011, imposition of an enhancement under section 12022.5 was mandatory, and the trial court had no authority to strike firearm enhancements in the interest of justice pursuant to section 1385 or under any other provision of law.  (Former § 12022.5, subd. (c); see, e.g., *People v. Kim* (2011) 193 Cal.App.4th 1355, 1362-1363.)  On October 11, 2017, the Governor signed Senate

6

Bill No. 620, effective January 1, 2018. (2017-2018 Reg. Sess.; Stats. 2017, ch. 682, § 1.) As of January 1, 2018, section 12022.5, subdivision (c) gives the trial court the discretion to strike the firearm enhancements in the interest of justice pursuant to section 1385. As both parties acknowledge, the grant of discretion to strike firearm enhancements in the amended statute applies retroactively to all nonfinal convictions. (*People v. Chavez* (2018) 22 Cal.App.5th 663, 712; *People v. Arredondo* (2018) 21 Cal.App.5th 493, 506-507.) However, they disagree regarding whether the instant matter was final.

The crux of the dispute between Humphrey and the People hinges on what the court did at the March 29, 2018 hearing. Humphrey argues that the court recalled his sentence and then resentenced him under section 1170, subdivision (d)(1). That subdivision "is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).) Further, under the full sentencing rule, courts "have concluded that, under the recall provisions of section 1170, subdivision (d), the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall." (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*).)

Section 1170, subdivision (d)(1) provides:

> "When a defendant subject to this section or subdivision (b) of
> Section 1168 has been sentenced to be imprisoned in the state prison
> or a county jail pursuant to subdivision (h) and has been committed
> to the custody of the secretary or the county correctional
> administrator, the court may, within 120 days of the date of
> commitment on its own motion, or at any time upon the
> recommendation of the secretary or the Board of Parole Hearings in

7

the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. Credit shall be given for time served."

Here, Humphrey maintains the court recalled his sentence at the recommendation of the director of the CDCR. Presumedly, he is referring to the November 22, 2017 letter from a correctional case records manager from the Division of Adult Institutions Legal Processing Unit.

Although we agree with Humphrey that a court may recall a defendant's sentence under section 1170, subdivision (d)(1), we see little evidence in the record that the court did so in the instant action. In the November 22, 2017 letter, the author made no reference to the court's authority to recall the defendant's sentence under section 1170, subdivision (d)(1). At the March 29, 2018 hearing, the superior court did not mention section 1170, subdivision (d)(1). Even though we do not conclude that a court must explicitly refer to section 1170, subdivision (d)(1) when acting under that subdivision, we

8

still must find some indication in the record that the court actually was recalling and resentencing a defendant under section 1170.  In the instant matter, we find none.

Moreover, the cases on which Humphrey relies underscore the difference between the instant case and a case in which a court recalls a defendant's sentence to resentence him.[2]  For example, in *Dix*, *supra*, 53 Cal.3d 442, the court specifically recalled the defendant's sentence under section 1170, subdivision (d) because the defendant had agreed to testify in another case.  (*Dix*, at p. 449.)  Our high court determined that section 1170, subdivision (d) "empowers a trial court to recall and vacate a prison sentence after commitment, with but two stated limitations.  First, the power may be exercised only upon the court's own motion, or upon recommendation of [specific governmental entities].  Second, in order to recall a sentence on its own initiative, the court must act within 120 days after it committed the defendant to prison."  (*Dix*, at p. 456.)

The high court concluded that the court acted appropriately under section 1170, subdivision (d) because it acted on its own motion within the 120-day period and recalled the defendant's sentence for a "reason rationally related to lawful sentencing."  (*Dix*, *supra*, 53 Cal.3d at p. 456.)  Further, the court explained:  "We hold that section 1170[, subdivision] (d) permits the sentencing court to recall a sentence for any reason which could influence sentencing generally, even if the reason arose after the original

---

2      Humphrey relies on *Dix*, *supra*, 53 Cal.3d 442; *Buycks*, *supra*, 5 Cal.5th 857; and *People v. Garner* (2016) 244 Cal.App.4th 1113 (*Garner*).

commitment. The court may thereafter consider any such reason in deciding upon a new sentence." (*Id.* at p. 463.)

*Dix* is of no help to Humphrey in the instant action. The *Dix* court was concerned with the scope of section 1170, subdivision (d). Unlike the instant action, there was no dispute there that the superior court recalled the defendant's sentence under that subdivision. As such, *Dix* does not provide us any guidance to determine whether the superior court here recalled Humphrey's sentence under section 1170.

Similarly, *Buycks*, *supra*, 5 Cal.5th 857 is not instructive. That case involved a defendant's eligibility for recall of sentence under Proposition 47 (the Safe Neighborhoods and Schools Act of 2014) and whether the defendant should be resentenced "generally." (*Buycks*, at pp. 893-894.) Here, Humphrey is not moving under Proposition 47 to recall his sentence.

Finally, this case is not like *Garner*, *supra*, 244 Cal.App.4th 1113. That case concerned a recall of a sentence under Proposition 36 (the Three Strikes Reform Act of 2012). The court concluded a recall of a sentence under Proposition 36 was analogous to a recall of a sentence under section 1170, subdivision (d). (*Garner*, at p. 1118.) Here, Humphrey is not seeking relief under Proposition 36. Thus, we fail to see the relevance of *Garner* on the issue before us.

Instead of recalling Humphrey's sentence under section 1170, subdivision (d)(1), the court in the instant matter appeared to be correcting a clerical error in the abstract of judgment. Indeed, it specifically stated it was doing so at the March 29, 2018 hearing.

10

A trial court has inherent power to correct clerical errors in its records so as to make these records reflect the true facts. (*People v. McGee* (1991) 232 Cal.App.3d 620, 624.) The court may correct these errors on its own motion or upon the application of the parties. (*Ibid*.) Thus, the trial court has jurisdiction to resentence a prisoner by amending the judgment to correct its original, erroneous calculation of his presentence credits, and there is no time limitation upon the right to move the trial court to correct the sentence due to miscalculation of custody credits. (See *People v. Fares* (1993) 16 Cal.App.4th 954, 958.) Likewise, if the minutes or abstract of judgment fails to reflect the judgment pronounced by the court, the error is clerical, and the record can be corrected at any time to make it reflect the true facts. (*People v. Rowland* (1988) 206 Cal.App.3d 119, 123.)

Here, it is clear the court, at the March 29, 2018 hearing, merely was correcting the abstract of judgment. The court explicitly stated there existed "a clerical error on the abstract." Then, in discussing Humphrey's sentence, the court explained in great detail how the previous judge had calculated Humphrey's sentence in 2011. The court did not change Humphrey's sentence whatsoever. Instead, the court essentially reiterated Humphrey's original sentence, making it plain how it should appear on the amended abstract of judgment.

In the instant matter, Humphrey pled guilty and was sentenced on October 14, 2011. As his plea was the result of an agreement and a stipulated sentence, it does not appear in the record that he ever filed a notice of appeal. To do so, he would have had to seek a certificate of probable cause within 60 days of his judgment. (See *In re Chavez*

11

(2003) 30 Cal.4th 643, 650; § 1237.5.) Because Humphrey did not seek a certificate of probable cause or file a notice of appeal, his case became final in 2011.

As discussed above, Senate Bill No. 620 took effect on January 1, 2018. Because Humphrey's case had been final for years before the change to the law took effect, Humphrey is not entitled to retroactive application of the law to his sentence, and the trial court did not err in denying his motion for resentencing. The fact that the trial court corrected the clerical errors in the abstract of judgment and an amended abstract of judgment was filed does not alter our analysis.

### DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


DATO, J.


12