Filed 11/24/20  P. v. Valencia CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CLAUDIA VALENCIA,<br><br>Defendant and Appellant. | B299957<br><br>(Los Angeles County<br>Super. Ct. No. BA402808) |

APPEAL from an order of the Superior Court of Los Angeles County, George Gonzalez Lomeli, Judge.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2013, defendant and appellant Claudia Valencia was convicted of attempted murder. (Pen. Code, §§ 664, 187, subd. (a).)[1] We affirmed the judgment on direct appeal. (*People v. Valencia* (Oct. 20, 2014, B253431) [nonpub. opn.] (*Valencia I*).) In 2019, following the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), defendant filed a petition for resentencing under section 1170.95. The trial court summarily denied the petition on the grounds that (1) section 1170.95 does not apply to convictions for attempted murder, and (2) SB 1437 and section 1170.95 are unconstitutional.

Because defendant was convicted of attempted murder rather than murder, she is ineligible for relief under section 1170.95 as a matter of law. We affirm on that basis.

## BACKGROUND

I. *Underlying Attempted Murder Conviction*

Based on a shooting that took place in 2012, defendant was charged in an amended information filed by the Los Angeles County District Attorney's Office with attempted murder. (§§ 664, 187, subd. (a).) The amended information also alleged that the offense was committed willfully, deliberately, and with premeditation (§ 664, subd. (a)); was committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)); and that a principal used a firearm (§ 12022.53, subds. (b), (c), (d) & (e)(1)). It was further alleged that defendant had suffered a prior serious felony conviction (§ 667, subd. (a)(1)), which also constituted a "strike" within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

Defendant was tried along with two codefendants. (*Valencia I, supra,* B253431 at p. 2.) "The prosecutor proceeded under the theory that, even if defendant was not the shooter, she was guilty as an aider and abettor and/or coconspirator under the theory of natural and probable consequences." (*Id.* at p. 5, fn. 3.)

The jury found defendant guilty of attempted murder and found true the firearm and gang allegations. The jury did not find it true that the attempted murder was committed willfully, deliberately, and with premeditation. Defendant admitted the prior. After striking the strike conviction, the trial court sentenced defendant to serve 35 years to life in state prison.

In 2014, we affirmed the judgment on direct appeal. (*Valencia I, supra,* B253431 at p. 11.)

II. *Section 1170.95 Proceedings*

On June 11, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. Defendant declared, in relevant part, that she was convicted of attempted murder pursuant to the felony murder rule or the natural and probable consequences doctrine and that she could not now be convicted of attempted murder because of the changes made to sections 188 and 189, effective January 1, 2019.

On June 25, 2019, the trial court summarily denied the petition on the ground that section 1170.95 does not apply to convictions, like defendant's, for attempted murder. The court also denied the petition on the independent ground that SB 1437 and section 1170.95 are unconstitutional.

Defendant filed a timely notice of appeal from the order denying the petition.

3

**DISCUSSION**

Defendant argues that the trial court erred in finding SB 1437 and section 1170.95 inapplicable to attempted murder and unconstitutional.

I. *Standard of Review*

Our review is de novo. (*Christensen v. Lightbourne* (2019) 7 Cal.5th 761, 771 [statutory interpretation]; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018 [application of law to undisputed facts].)

II. *Defendant Is Not Eligible for Relief Under Section 1170.95*

The outcome of this appeal turns on a single issue: Does section 1170.95 provide resentencing relief for a conviction for attempted murder? We conclude that it does not.

Effective January 1, 2019, SB 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To accomplish this, SB 1437 amended sections 188 and 189. (Stats. 2018, ch. 1015, §§ 2–3.) It also added section 1170.95, creating a procedure whereby a person convicted of murder for an act that no longer qualifies as murder because of the changes to sections 188 and 189 can petition to have the murder conviction vacated and to be resentenced. (Stats. 2018, ch. 1015, § 4.)

We recently held, in *People v. Love* (2020) 55 Cal.App.5th 273 (*Love*), that SB 1437 did "not eliminate the natural and probable consequences theory for attempted murder on *any* basis—either prospectively or retroactively. In reaching this

4

holding, we conclude[d] that (1) [SB] 1437's inapplicability to the crime of attempted murder on a prospective basis is not clear from its text, but is clear from its legislative history and not contradicted by any of the other canons of statutory construction, and (2) even if [SB] 1437 applied prospectively to the crime of attempted murder, that application would not have any retroactive effect because the bill's statutory mechanism for providing retroactive relief—namely, section 1170.95—limits relief to 'convictions' for 'murder[.]'" (*Love, supra,* at p. 279.)

While Courts of Appeal have split on whether SB 1437 may generally apply to attempted murder (*Love, supra,* 55 Cal.App.5th at pp. 278–279), there is consensus that section 1170.95, specifically, *does not* provide a mechanism to vacate an attempted murder conviction. (See, e.g., *People v. Alaybue* (2020) 51 Cal.App.5th 207, 223; *Love, supra,* at p. 282; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1105 (*Lopez*), review granted Nov. 13, 2019, S258175; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1008, review granted Mar. 11, 2020, S259948; *People v. Munoz* (2019) 39 Cal.App.5th 738, 754, review granted Nov. 26, 2019, S258234.)

Defendant nevertheless contends that both SB 1437 and section 1170.95 must be interpreted to include attempted murder because (1) attempted murder is a lesser-included offense of murder; (2) excluding attempted murder would be contrary to legislative intent and produce absurd results; and (3) excluding attempted murder violates principles of equal protection.

In *Love, supra,* 55 Cal.App.5th 273, we addressed and rejected the arguments that defendant makes here regarding legislative intent (*id.* at p. 286 [statements of purpose found SB 1437's preamble "leave little doubt that our Legislature was

5

focused on eliminating vicarious liability for the crime of murder, and not lesser crimes"]), absurd results (*Love*, *supra*, at pp. 289–291), and equal protection (*id.* at pp. 287–289). It follows that we also reject those arguments here.

As for the contention that attempted murder is a lesser included offense of murder and ameliorative legislation applicable to the completed offense should apply to attempts, we are not persuaded. It "is by no means apparent" that attempted murder is a lesser included offense of murder given that "the crime of attempted murder requires proof of the 'specific intent to kill' [citation], which is not necessarily an element of (implied malice) murder." (*Lopez*, *supra*, 38 Cal.App.5th at p. 1106, fn. 11.)[2]

In sum, because section 1170.95 "applies only to qualifying defendants convicted of felony *murder* or *murder* under a natural and probable consequences theory" (*People v. Flores* (2020) 44 Cal.App.5th 985, 997, italics added) and defendant was not convicted of murder, she is ineligible for resentencing under

---

[2] To the extent that we stated, in a very different context in *People v. Davidson* (2008) 159 Cal.App.4th 205, 210 (*Davidson*), that "[a]ttempted murder is a lesser included offense of murder[,]" we note that *Davidson* predated *People v. Bailey* (2012) 54 Cal.4th 740, 753, in which the Supreme Court explained that "the general principle that attempt is a lesser included offense of any completed crime . . . is not applicable . . . where the attempted offense includes a particularized intent that goes beyond what is required by the completed offense."

section 1170.95 as a matter of law.  Accordingly, the trial court did not error by denying her petition.[3]

### DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

---

[3]      Because we can affirm on this ground alone, we need not address whether the trial court erred in denying the petition on the independent basis that SB 1437 and section 1170.95 are unconstitutional.  (See *Smyth v. Berman* (2019) 31 Cal.App.5th 183, 196 ["we may affirm on any ground supported by the record"].)  We nevertheless note that we agree with the parties that SB 1437 does not impermissibly amend Proposition 7 or Proposition 115, violate Marsy's Law, or infringe on the separation of powers doctrine.  (E.g. *People v. Bucio* (2020) 48 Cal.App.5th 300, 307.)